Paul V. DETERMAN, Petitioner,

v.

WILSON AND COMPANY and the State Industrial Commission, Respondents.

No. 37316.

Supreme Court of Oklahoma.

Nov. 20, 1956.

Rehearing Denied Dec. 18, 1956.

Murphy & Firestone, Kingfisher, for petitioner.

Grady H. Holloway, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Petitioner, Paul V. Determan, hereinafter referred to as claimant, filed his first notice of injury and claim for compensation with the State Industrial Commission on February 28, 1955, for an accidental injury sustained on July 27, 1952. After hearing before the Commission the claim was denied based on a finding by the Commission that it was barred by the statute of limitations provided in 85 O.S.1951 § 43 and claimant brings this proceeding to review the Commission's order.

The record discloses that claimant sustained an injury to his back on July 27, 1952 while employed by respondent, Wilson & Company, Inc., as a truck driver. As a result of the injury he was off work until September 9, 1952, during which time he continued to draw his full salary. On September 3rd, claimant was examined by Dr. R. who reported that he was unable to find any objective evidence of back injury other than strain of muscles and ligaments, which was based partly on the claimant's history, and that there was no reason why claimant should have any permanent disability.

After resuming his duties on September 9th, claimant continued to complain of back pain and respondent agreed to transfer claimant from his truck driving job in Oklahoma City to the less strenuous job of salesman which was open with the company in Childress, Texas. This transfer was made on December 8th, and, although claimant continued to suffer with his back, his duties as a salesman were uninterrupted until April 18, 1954, when he fell and reinjured his back. As a result of that injury, claimant was hospitalized and treated by Dr. F. who reported to respondent that claimant had had some difficulty with his back for some time but recently twisted it in such a manner as to disable himself and that his findings were suggestive of a ruptured disc. After six weeks, during which time claimant continued to draw his full salary, he resumed his duties until Sept. 11, 1954 when he was given time off for further medical treatment. On Sept. 14th, Dr. O. in Oklahoma City performed an operation for a ruptured disc. Claimant did not return to work after the operation but from Sept. 11, 1954 until his employment was

terminated February 26, 1955, claimant drew his full salary with the exception of a seven-week period that he drew half pay.

The respondent did not carry Workmen's Compensation Insurance. It did, however, carry a group insurance policy on its employees with certain sick and accident bene-.fits. The medical expense incurred as a result of the 1954 injury was paid from such insurance with the exception of a small part not covered by the insurance and which was paid directly by the respondent.

■ At the conclusion of the hearing respondent demurred to claimant's evidence and the Commission entered the following finding and order:

"That claimant's claim for compensation must be denied, as claimant permitted the Statute of Limitations to run before filing claim for compensation with the State Industrial Commission of Oklahoma, and that respondent's demurrer to the jurisdiction of the State Industrial Commission is sustained.

"It is therefore ordered that claimants claim for compensation is denied, and respondent's demurrer is sustained."

Title 85 O.S.1951 § 43, provides in part:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

It is contended by claimant that the Commission erred in holding his claim was barred by the statute. It is first argued that the respondent either tolled or waived the statute of limitations by the payment of compensation and furnishing medical treatment subsequent to April 18, 1954 and that since the claim was filed within one year thereafter, it was filed within the time allowed by the statute.

In Gardner v. R. V. Dillard Drilling Co., Okl., 290 P.2d 139, 140, it was held:

"The question of whether a claim for compensation has been filed within the statutory period, as provided by Section 43, Title 85 O.S.1951, is a jurisdictional question which will be reviewed independently by this court, which will examine and weigh the evidence and make its own independent findings of fact in relation thereto."

■ However, where the question of whether the statute has been tolled or waived is dependent upon a question of fact, and the Commission has heard evidence upon the question, its finding thereon will not be disturbed on review when the finding is based upon testimony reasonably tending to show such fact, or reasonable inferences to that effect, reasonably inferable therefrom. Logan County v. York, Okl., 270 P.2d 968.

In Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70, 71, the court said:

"We have held that where an employer has not paid wages in lieu of compensation and has not furnished medical care or attention to an employee for an alleged injury so as to amount to a conscious recognition of liability and the employee has failed for more than one year to file notice of injury and claim for compensation, any claim for compensation thereafter made for such injury is barred by 85 O.S.1941, § 43." (Emphasis supplied.)

In the instant case the evidence is undisputed that claimant sustained an injury to his back July 27, 1952, resulting in temporary disability; that he received his salary in lieu of compensation until September 9, 1952 when he went back to work; and that he received no further compensation benefits until after April 18, 1954 when he twisted his back in such a manner as to disable himself.

There is no direct evidence to explain why the respondent furnished any part of the medical expense incurred after April 18, 1954 or paid claimant's salary while he was off work. Any conclusion that such benefits were paid in recognition of its liability for the 1952 injury would be conjecture. The Commission made no specific finding on that question but its finding that the claim was not filed within the statutory period was a sufficient finding that the statute had not been waived by payment of compensation benefits.

It is further contended by claimant that the statute of limitations did not begin to run until his disability became apparent and he argues that it did not become apparent until after April 18, 1954, when Dr. F. first diagnosed his condition as a ruptured intervertebral disc.

We are unable to agree with claimant's argument that his disability was not apparent until it was discovered that he had a ruptured disc in view of his testimony that he continued to suffer with pain in his back from the date of the 1952 injury and that he was disabled to the extent that he could not continue the type of work he had formerly performed.

An injured workman who sustains a compensable injury of which he has or should have knowledge, may not await the running of the statute of limitations and then be entitled to compensation. Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652.

After reviewing the evidence we conclude that the Commission's finding that the claim was barred by the statute of limitations is reasonably supported by the evidence and the order denying the claim is sustained.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY and CARLILE, JJ., concur.

WILLIAMS, V. C. J., and BLACK-BIRD, J., dissent.