George W. CUPIT, Jr., Petitioner,

v.

DANCU CHEMICAL COMPANY, The Travelers Insurance Company and the State Industrial Commission, Respondents.

No. 37691.

Supreme Court of Oklahoma.

July 9, 1957.

Rehearing Denied Oct. 1, 1957.

Application for Leave to File Second Petition for Rehearing Denied Oct. 22, 1957.

Frantz C. Conrad, Oklahoma City, for petitioner.

Looney, Watts, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

Petitioner, hereinafter referred to as claimant, filed his first notice of injury and claim for compensation on November 19, 1956, for an accidental injury sustained on June 27, 1955. After hearing before the Commission the claim was denied on a finding that it was barred by the one year Statute of Limitations. 85 O.S.1951 § 43. Claimant brings this proceeding to review the order.

Claimant was part owner and Vice-President of the Corporation employer. His duties were general in nature. On the 27th of June, 1955, he sustained a compensable injury. He was taken to the hospital without the knowledge of the employer, but the President of the employer arrived at the hospital soon thereafter and made arrangements for the company doctor to care for claimant. Thereafter and periodically the employer advanced to claimant certain sums of money totaling $2,900, the last such advance being made less than one year prior to the time claimant filed his claim. Treatments by the company doctor were likewise continued to a time less than one year prior to the filing of such claim by the claimant.

Where, as in this case, it is contended that the Statute of Limitations has been tolled or waived and the question of whether it has or not is dependent upon a question of fact, and the Commission has heard evidence upon the question, its finding thereon will not be disturbed on review when the finding is based upon testimony reasonably tending to show such fact. Determan v. Wilson and Company, Okl., 304 P.2d 1060.

Claimant contends that the advances were remuneration in lieu of compensation. Claimant testified that the $2,900 which he received was an advancement. He admitted that the checks were marked "loan" and were for the purpose of enabling him to pay his living expenses while incapacitated, together with his doctor bills. The President of the employer, called as a witness for claimant, testified to the same effect. Therefore, in our opinion, the Commission's finding that the money received by claimant was not compensation or remuneration in lieu of compensation is reasonably supported by the evidence.

In addition to the foregoing there is another reason for concluding that such advances did not toll the Statute. The purpose of the tolling provision is to prevent an employer from lulling a claimant into a false sense of security by apparently acknowledging the validity of his claim, paying remuneration in lieu of compensation, and then invoking the statute after the lapse of one year. The intent with which such payments are made and received is of particular importance in determining whether they are in lieu of compensation. This principle is pointed out in Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176, and again in Sinclair Prairie Oil Co. v. Newport, 195 Okl. 521, 159 P.2d 726, 728. In the latter case the court said: "If it be assumed in keeping with the Commission's finding that Sinclair had knowledge of the injury, through its superintendent or foreman, there still leaves the matter of intent in making the payments." Of course the intent of the employer alone would not be controlling but must be considered in connection with the question of whether such payments caused the employee to believe that his claim was being recognized. In the instant case neither claimant nor employer thought claimant had sustained a compensable injury. The payments or advances were motivated, ac-

cording to the uncontradicted testimony, by humanitarian considerations and not by a sense of legal obligation. Claimant was not and could not have been misled thereby. His failure to file a claim was based upon advice of his counsel. Claimant's theory is that since both parties thought claimant was not entitled to compensation, any payment made would necessarily be in *lieu* of compensation. For the foregoing reasons we think such contention is untenable.

■ Claimant further contends that the medical treatment he received was furnished by the employer and was therefore remuneration in lieu of compensation. The President of the employer, called as a witness for claimant, was not asked if he paid or agreed to pay for the medical treatment. The evidence on this point only disclosed that he called a doctor while claimant was unconscious. The testimony of both the claimant and this witness established that the advances were made to enable claimant to pay *his* doctor bills, together with other expenses. Therefore, if the advances were not payments in lieu of compensation and the doctor bills were to be paid with such advances, it follows that the medical treatment was not furnished by the employer.

■ Claimant further contends that inasmuch as the President of the employer advised claimant that his injury was not compensable, when the contrary was true, the respondents are estopped to rely on the limitation statute. The evidence shows that such advice was based upon information obtained by the employer from the insurance company, and claimant knew the source of such information. The question of whether or not an employee's injury is compensable is frequently a litigable question. We do not decide whether fraudulent concealment by the employer would

toll the statute or estop the employer from relying thereon, but in no event would a mere denial of coverage be such an affirmative act of concealment or artifice to prevent knowledge of the facts, as would toll the statute. Such statement was not a misrepresentation or concealment of facts but a mere statement of opinion. In McClenahan v. Oklahoma Ry. Co., 131 Okl. 73, 267 P. 657, 658, involving a similar question, the court said:

"In the case at bar, if the plaintiff was injured, he knew of it; he knew the cause of the injury; he knew the extent of the injury better than any one; in fact, if he was injured, the cause of the injury was never concealed from him by respondent, and his mere failure and neglect to assert his rights by filing an application with the State Industrial Commission for compensation can in no way be charged to the neglect, concealment, or fraud of the respondent. The alleged injury occurred in August, 1924. He was operated on July 9, 1925; discussed then with Dr. Harbinson the question of the liability of respondent for said injury; was fully aware of all of the facts and circumstances surrounding said injury; had full knowledge of his rights; and his failure to assert his claim can in no way be charged to the respondent."

After reviewing the evidence we conclude that the Commission's finding that the claim was barred by the Statute of Limitations is reasonably supported by the evidence and the order denying the claim is sustained.

CORN, V. C. J., and DAVISON, HALLEY, BLACKBIRD and CARLILE, JJ., concur.

WILLIAMS, J., dissenting.