**Robert Lee BAKER, Petitioner,**

v.

**KERR–McGEE OIL INDUSTRIES and the State Industrial Commission, Respondents.**

No. 38513.

Supreme Court of Oklahoma.

July 21, 1959.

Rehearing Denied Oct. 13, 1959.

Hatcher & Wilson, Pauls Valley, Looney, Watts, Looney & Nichols, Oklahoma City, for petitioner.

Kerr, Conn & Davis, Claude H. Mullendore, Jr., and Harvey J. Lambert, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

On the 18th day of March, 1958, Robert Lee Baker, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on the 3rd day of December, 1956, he sustained an accidental injury arising out of and in the course of his employment with Kerr-

McGee Oil Industries. An award was first entered by the trial judge for 50 per cent permanent partial disability but on appeal to the Commission en banc the award was vacated on the grounds that the claim was barred by the one year statute of limitations contained in 85 O.S.1957 Supp. § 43. Such order vacating was as follows:

"On November 13, 1958, this cause came on for hearing on appeal by the undersigned Judges, sitting en banc, from the order of the Trial Judge heretofore entered on September 10, 1958.

"After reviewing the record in this case, and being fully advised in the premises, said Judges find that said order should be vacated and reversed.

"It Is Therefore Ordered that the order of the Trial Judge heretofore entered in this case on September 10, 1958, be and the same hereby is vacated and reversed on grounds that the Statute of Limitations had run before the Form 3 was filed and that the Statute of Limitations was not tolled."

This proceeding is brought by claimant aganst Kerr-McGee Oil Industries, own risk, hereinafter referred to as company or employer, to review the order denying the award. Claimant contends that the statute of limitations was tolled by the respondent's furnishing medical attention and/or paying wages in lieu of compensation.

Claimant was a pipe line supervisor or superintendent. He testified as follows: On December 3, 1956, he was on the way to a well west of the refinery at Wynnewood. While changing a tire on his company automobile the car started to slip from the jack and he jerked to keep the car in place at which time he felt a sharp pain through his chest. He thought it was a catch. He worked until 10:30 or 11:00 that night and then went home. During the night the pain became so severe he went in his company car to the hospital at Wynnewood. He was treated for a heart attack until January 4, 1957, and returned to work in April 1957. He worked until March 1958, at which time he was dis-

charged from his employment. Claimant further testified that he did not remember having reported the jack slipping incident to any one connected with the employer or to the doctors who treated him.

Claimant's hospitalization and medical expenses were paid under the sick benefit provisions of a group insurance policy which had for its purpose the payment of medical expenses resulting from disabilities of employees not connected with their employment. His full salary was paid by the employer from the date of his hospitalization to the date he was discharged from employment. Claimant signed a form containing a statement that his disability was not due to an accident, and did not arise out of or in course of the employment. However, he did not think the forms were filled out when he signed them, but did not remember with certainty.

Claimant's wife testified that three weeks after claimant went to the hospital Dean Chrislip, immediate superior of claimant, came to see claimant; that she heard claimant tell Chrislip he had had a flat on the morning of December 3, 1956, and that he was hurt when the car fell off the jack. Dean Chrislip denied this conversation. He also testified that though he saw claimant once a month during the year following his release from the hospital he was never at any time given notice of the claimed accidental injury. Claimant testified he did not remember informing Chrislip of the accident.

Witness Martin, head of the employer's safety division, testified that he saw claimant on several occasions after the alleged accident, but claimant did not inform him of an accidental injury involving a changing of the tire. He further testified that the Safety Division never received notice of any kind that claimant had been involved in an accident prior to the filing of the Form 3.

Although claimant presents his argument in his brief in four propositions the sole argument is the alleged error in holding that the claim is barred by the failure to

file within one year as provided by 85 O.S. 1957 Supp. § 43.

■ In Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652, we stated:

"Under 85 O.S.1941, § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute."

The rule announced in this case has been followed in Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593; Determan v. Wilson and Co., Okl., 304 P.2d 1060; Dye v. Ed Johnston Grain Co., Okl., 319 P.2d 1004; and McBride v. B. F. Goodrich Co., Okl., 317 P.2d 728.

■ Claimant argues that the evidence discloses *he believed* the salary payments, during convalescence, were payments in lieu of compensation and that this is the controlling factor. This is not necessarily true if at the time the payments were made the employer was not aware and should not have been aware that claimant had sustained or was claiming a disability due to a compensable injury. Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176. We must assume that the State Industrial Commission believed the employer was not aware and should not have been aware that claimant had sustained or was claiming he had sustained a compensable injury. The evidence supports such finding.

Claimant argues that under the rule announced in Cupit v. Dancu Chemical Co., supra, the statute is tolled if the payments lulled the claimant into believing that his claim was being recognized, without regard to employer's knowledge or lack thereof. In that case neither the claimant nor the employer believed claimant had sustained an accidental injury. Therefore, we emphasized the fact that the claimant had not been mislead, but we also acknowledged that the statute would not be tolled if the

payments were made without actual or imputed knowledge to the employer that claimant had sustained or claimed to have sustained a compensable injury. Therein it is stated [316 P.2d 595]:

"In addition to the foregoing there is another reason for concluding that such advances did not toll the Statute. The purpose of the tolling provision is to prevent an employer from lulling a claimant into a false sense of security by apparently acknowledging the validity of his claim, paying remuneration in lieu of compensation, and then invoking the statute after the lapse of one year. The intent with which such payments are made and received is of particular importance in determining whether they are in lieu of compensation. This principle is pointed out in Sinclair Prairie Oil Co. v. Stevens, 194 Okl. 109, 148 P.2d 176, and again in Sinclair Prairie Oil Co. v. Newport, 195 Okl. 521, 159 P.2d 726, 728. In the latter case the court said: 'If it be assumed in keeping with the Commission's finding that Sinclair had knowledge of the injury, through its superintendent or foreman, there still leaves the matter of intent in making the payments.' Of course the intent of the employer alone would not be controlling but must be considered in connection with the question of whether such payments caused the employee to believe that his claim was being recognized. In the instant case neither claimant nor employer thought claimant had sustained a compensable injury. * * *."

In the above case and in Sinclair Prairie Oil Co. v. Newport, quoted therein, there is an implicit holding that the employer must have knowledge before the questions of intent or misleading the employee become material. In Sinclair Prairie Oil Co. v. Stevens, supra, this court held, in effect, that if at the time the payments were made the employer was not aware and should not have been aware that claimant was asserting he had sustained an accidental injury or that he had sustained

an accidental injury, such payments would not toll the statute. In McBride v. B. F. Goodrich Co. et al., supra, it is stated that the principle announced in Sinclair Prairie Oil Co. v. Stevens, supra, also applies to medical treatment. Therefore, the medical treatment in the instant case must be considered in the same light as the salary payments.

The evidence supports the finding that the statute of limitations was not tolled.

In Determan v. Wilson and Company et al., supra [304 P.2d 1061], it is stated:

"The finding of the State Industrial Commission that a claim for compensation filed by an employee is barred by limitation and an order based thereon denying compensation will not be disturbed on review where reasonably supported by the evidence."

There was no error in the order of the Commission denying the award.

Order sustained.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and IRWIN, JJ., concur.