O. L. JACKSON, dba J & B Plumbing Company and Central Surety and Insurance Company, Petitioners,

v.

Charles E. CARSON and the State Industrial Commission, Respondents.

No. 38620.

Supreme Court of Oklahoma.

Dec. 15, 1959.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Sanders & McElroy and Dale F. Whitten, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

On the 6th day of October, 1958, claimant, Charles E. Carson filed a claim for compensation against his employer, O. L.

Jackson, doing business under the name of J & B Plumbing Company, and his insurance carrier, Central Surety and Insurance Company, hereinafter referred to as petitioners, stating that on August 23, 1957, while in the employ of O. L. Jackson, he sustained an accidental injury consisting of an injury to his back. The injury occurred when he fell while lifting heavy material; that the full extent of his injury was not then known.

Petitioners filed an answer to claimant's claim consisting of a general denial and an affirmative plea of limitation. The case came on to be heard before a trial judge on the 15th day of December, 1958. At the close of the evidence the trial judge found:

"That even though claimant did not file his claim for compensation within one year from the date of injury, that said year was extended by the furnishing of medical treatment at the hands of the respondent to about December, 1957.

"That as a result of said injury, claimant is in need of medical treatment at this time and is ordered to report to a competent physician to be selected by respondent or insurance carrier to perform such treatment.

"That respondent or insurance carrier are ordered to start claimant on compensation at $35.00 per week from the date claimant reports for such treatment and continue such payment of compensation for temporary total disability for and during claimant's period of temporary total disability, not to exceed 300 weeks.

"That claimant's rights to previous temporary total compensation and permanent partial disability are reserved for a further hearing."

The trial judge upon such findings entered an order and award directing and requiring petitioners to commence payments of temporary total compensation to claimant at the rate of $35 per week and to continue such payments during claimant's period of temporary total disability not to exceed 300 weeks, and further ordered and directed that petitioners furnish claimant medical treatment by a physician to be selected by petitioner or insurance carrier during his period of total permanent disability, which order and award was sustained on appeal to the Commission en banc.

Petitioners bring the case here for review. Their sole contention is that claimant's claim is barred by limitation, and in this connection assert that the finding of the trial judge, that although claimant did not file his claim for compensation within one year after the date of his injury the said one year was extended by the furnishing of medical treatment at the hands of petitioners to about December, 1957, is not supported by the evidence.

The applicable statute is 85 O.S.1951 § 43. The first paragraph of said statute reads. as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

Claimant in substance testified that he sustained an accidental injury on the date and in the manner stated in his claim. He stated that while working, he started to get into a pickup truck and had to let the end gate down to the floor level of the pickup truck but apparently it had not been properly secured, for when he stepped on it, the end gate fell down and he fell backwards bumping himself against a door behind the truck. He notified O. L. Jackson and was referred to the Glass-Nelson Clinic for treatment. Dr. D. at the clinic examined him, gave him heat treatment and two prescriptions, one calling for twelve

pills which were referred to as pain pills and the other was a bottle of liquid consisting of rubbing alcohol which he stated the doctor advised him to rub on his back if it bothered him very much. He was seen on two other occasions, the last time on August 27, 1957. He returned to work three days after he sustained his injury and remained at work until about three days before he filed his claim at which time he re-injured his back; that he was employed as a plumber and did all kinds of plumbing work, including the heavy part which he referred to as "rough in" plumbing for about three years. He stated that he used the pain pills and the rubbing alcohol very sparingly; that the rubbing alcohol lasted until the 27th of December, 1957, at which time while visiting in Colorado, he suffered some pain in his back and he rubbed some alcohol on his back but that he had used up all the pills within eight weeks. However, he continued working as a plumber until the time above stated. When he returned to work, his employer allowed him to do the easy forms of plumbing which means he did not have to crawl under houses and do rough-in plumbing, but after a few weeks he was back on his regular job, which he stated he had continued to do but suffered pain while doing so. At times during the next year following his return to work he had received other injuries when he stuck a nail in his foot and the other when he had a foreign body in his eye and he was referred to the same clinic for both of these injuries. He did not, however, receive any treatment to his back nor did he ask the doctor to examine his back, nor did he at any time after August 27, 1957, request his employer to provide him with further treatment for his back. He, however, thereafter and on the 12th day of September, 1958, without the knowledge or consent of his employer or insurance carrier, and without being directed by them to do so returned to Dr. D. for further examination and treatment of his back. The doctor did not treat or examine him at that time but referred him to Dr. J., who under date of September 17, 1958, examined claimant and made a report of his examination. We do not deem it necessary to discuss this report since the only issue here involved is the issue as to whether the claim is barred by limitation.

 Claimant, among other contentions, contends that the examination made by Dr. J. on September 17, 1958, at the request of Dr. D. was sufficient to toll the statute. We do not agree. Since the examination was made without an order or direction from his employer, O. L. Jackson, or his insurance carrier, and without knowledge or consent of either, such examination did not toll the statute. Anchor Plumbing Co. v. Linam, Okl., 325 P.2d 962; Vaughan v. Shell Pipe Line Corp., 204 Okl. 175, 228 P.2d 180. Nor does the evidence establish that the statute was waived under the "conscious recognition of liability" rule announced in Indian Drilling Mud Co. v. McGrew, Okl., 311 P.2d 247, 249.

Claimant further contends that taking the medicine under the prescription given him by Dr. D. on the date the doctor first saw and examined him, which was on August 23, 1957, to December 27, 1957, constituted continuous voluntary medical treatment furnished him by his employer and insurance carrier from the date he sustained his injury until December 27, 1957, and the statute was therefore tolled until said date.

Counsel for claimant in their brief state that there are numerous decisions by this Court holding that taking of medicine will toll the statute. They, however, cited no authority so holding. We are referred to Bethlehem Supply Co. v. Armbrister, Okl., 316 P.2d 588. While the question here under discussion was raised in that case it was not decided. The case was decided upon other grounds. We are referred to no case by either party from other jurisdictions sustaining such contention and our own independent investigation has failed to discover any authority supporting same. We are, therefore, of the opinion and hold that the mere taking of the medicine under the prescription given by Dr. D. from

the 23rd day of August, 1957 to December 27, 1957, did not constitute medical treatment voluntarily furnished claimant by his employer and insurance carrier from the date he sustained his injury up to and including December 27, 1957, and therefore did not toll the statute. To hold otherwise and sustain claimant's contention in this respect would in effect abrogate the provisions of Sec. 43 which are quoted supra.

Claimant, as an affirmative proposition, urges that petitioners did not file their appeal from the award entered by the trial judge within ten days as required by 85 O.S.1951 § 77; that the order of the trial judge became final prior to the time the appeal from the trial judge to the Commission en banc was taken, and further contends that the appeal from the entire Commission to this Court was not filed within 20 days after the award was entered by the Commission en banc and this Court is therefore without jurisdiction to review the award.

As to the first contention, the record discloses that the award of the trial judge was entered on December 16, 1958, and the appeal appears to have been filed before the Commission en banc on the 29th day of December, 1958, and three days out of time.

On September 3, 1959, the Chairman of the State Industrial Commission filed in this Court the following certificate:

"Marx Childers certifies that he is and has been for several years Chairman of the Oklahoma State Industrial Commission; that the Oklahoma State Industrial Commission was officially closed and not open for business from noon on December 24, 1958, which was Christmas Eve, until the morning of December 29, 1958; that the reason therefor was that the Governor of the State of Oklahoma officially declared a half holiday for Christmas Eve and on Friday, December 26, 1958, and all state department heads, including the State Industrial Commission, were notified accordingly; that pursuant thereto the Industrial Commission was officially closed and not open for business from noon of December 24, 1958, through Friday, December 26, 1958, and the State Industrial Commission is officially closed on all Saturdays and Sundays; Thus any notices, pleadings or mail of any kind which was attempted to be delivered or delivered to the Oklahoma State Industrial Commission between noon of December 24, 1958, and December 29, 1958, will show the official receiving date of December 29, 1958.

"Dated this 2 day of September, 1959."

The 1957 Legislature however passed an Act effective April 14, 1957, which provides:

"When the last day for the filing of any pleading or other written instrument in a public office, or the performance of any act required to be performed in such office, falls on a day when such office is not open for public business, the pleading or other written instrument may be filed or the act performed on the next day when the office is open for the performance of public business." 12 O.S.1957, Supp., § 82.

▉ Under the certificate of the Chairman of the State Industrial Commission, it appears that the State Industrial Commission's office was closed for the Christmas Holiday from December 24, 1958, to December 29, 1958. The last day on which claimant could have filed his appeal from the award of the trial judge to the Commission en banc was on December 26, 1958. Under the certificate of the Chairman of the State Industrial Commission the office was closed prior to the last day on which claimant had to file his appeal. Therefore, under the statute above referred to he had until December 29, 1958, in which to file the appeal.

▉ The contention of claimant that petitioners did not file their appeal in this Court within the period provided by 85 O.S.1951 § 29 is not supported by the rec-

ord. The record discloses that the Order of the Commission en banc sustaining the award of the trial judge was entered on the 17th day of February, 1959, and that on the same day the Secretary of the State Industrial Commission mailed a copy of such award to all the parties affected. The record discloses that the petition for review was filed in this Court on March 6, 1959, and was therefore filed in time.

We conclude that claimant's claim for compensation under Sec. 43 of the statute, supra, is barred by limitation and the State Industrial Commission was therefore in error in awarding him compensation.

Award vacated.

DAVISON, C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., dissents.