Leslie Lee DEARMAN, Petitioner,

v.

BIRMINGHAM STEEL & SUPPLY, INC., Liberty Mutual Insurance Company and State Industrial Court, Respondents.

No. 39565.

Supreme Court of Oklahoma.

Feb. 6, 1962.

. Paul Pugh, Oklahoma City, for petitioner.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Vice Chief Justice.

On the 15th day of June, 1960, Leslie Lee Dearman, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Bethlehem Steel & Supply he sustained an accidential injury arising out of and in the course of his employment on May 28, 1959. The State Industrial Court denied an award and this proceeding is brought by claimant against the employer and Liberty Mutual Insurance Company, hereinafter called respondents, to review the order denying the award.

Claimant testified that on May 28, 1959, he was employed as a welder; that while working with a piece of equipment, and assisting in the moving of same, he lost his balance and fell six or eight feet, landing astraddle an angle iron. The pain incident to this fall caused him to lose consciousness. He was taken to the washroom and given emergency treatment by fellow employees. This happened near quitting time so he did no more work that day. He returned to work the next day. Within a few days after the accident he began seeking medical attention for an injury to his testicles. He informed the superintendent, Nielson, that he was going to a doctor. Claimant testified that Nielson told claimant the employer would pay for any disability due to the injury. Nielson denies this, and denies that claimant made any specific request to be sent to any particular doctor. Claimant does not disclose just when the first conversation with Nielson occurred relating to a request for medical attention. At one time he testified that it occurred about ten days after he was injured. Between September 1 and November 4, 1959, he saw three different doctors. He was operated twice and at the last operation the right testicle was removed.

■ Claimant first argues the State Industrial Court erred in holding that the claim was barred by the Statute of Limita-

tions. 85 O.S.1951 § 43 as amended (Tit. 85 O.S.1957 Supp. § 43). Claimant states that the claim was filed within one year after medical attention was furnished by the employer. The record discloses claimant obtained financial aid from an insurer under a group insurance policy for accident or disease not arising out of and connected with his employment. He asserts that the secretary of the employer and the superintendent, Nielson, agreed to pay for prescriptions furnished by a drugstore for periods of treatment. There is substantial evidence that these prescriptions were furnished for injury or disease not connected with the accidental injury. We cannot agree that the evidence discloses an undisputed showing. of voluntary agreement to furnish medical treatment. The evidence was in conflict on this issue. This conflict was resolved in favor of respondents. In Determan v. Wilson and Co., Okl., 304 P.2d 1060, it is stated:

"In Gardner v. R. V. Dillard Drilling Co., Okl., 290 P.2d 139, 140, it was held:

" 'The question of whether a claim for compensation has been filed within the statutory period, as provided by Section 43, Title 85 O.S.1951, is a jurisdictional question which will be reviewed independently by this court, which will examine and weigh the evidence and make its own independent findings of fact in relation thereto.'

"However, where the question of whether the statute has been tolled or waived is dependent upon a question of fact, and the Commission has heard evidence upon the question, its finding thereon will not be disturbed on review when the finding is based upon testimony reasonably tending to show such fact, or reasonable inferences to that effect, reasonably inferable therefrom. Logan County v. York, Okl., 270 P.2d 968.

"In Roe v. Jones & Spicer, Inc., 196 Okl. 582, 167 P.2d 70, 71, the court said:

" 'We have held that where an employer has not paid wages in lieu of compensation · and has not furnished medical care or attention to an employee for an alleged injury *so as to amount to a conscious recognition* of liability and the employee has failed for more than one year to file notice of injury and claim for compensation, any claim for compensation thereafter made for such injury is barred by 85 O.S.1941, § 43.' " (Emphasis supplied).

When all of the evidence is reviewed the State Industrial Court was authorized to find that claimant did not know the cause of his disability. The evidence further is susceptible of the construction that any statements made to Nielson, the superintendent, did not constitute a claim that his disability came from an accidental injury but at most that he was uncertain of the cause of the disability. In Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593, it is stated:

"Where, as in this case, it is contended that the Statute of Limitations has been tolled or waived and the question of whether it has or not is dependent upon a question of fact, and the Commission has heard evidence upon the question, its finding thereon will not be disturbed on review when the finding is based upon testimony reasonably tending to show such fact."

There is competent evidence reasonably tending to support the finding of the State Industrial Court that the claim was barred.

Finally claimant argues that the finding of the State Industrial Court is not susceptible of judicial interpretation. The finding is as follows:

"That claimant's claim for compensation filed herein on June 15th 1960 for his alleged injury to his testicles on or about May 28, 1959, should be denied for the reason the Statute of Limitations had run at the time of the filing of the claim; that no compensation or remuneration in lieu of compensation having been paid to claimant nor medi-

cal attention furnished within 1 year prior to June 15, 1960."

This finding was fully determinative of the controlling issue. The order was not indefinite and was not within the rule announced in Corzine v. Traders Compress, 196 Okl. 259, 164 P.2d 625, and related cases.

Order sustained.