**William M. KISTLER, Petitioner,**

v.

**BROCE CONSTRUCTION COMPANY, Inc., Liberty Mutual Insurance Company and the State Industrial Court, Respondents.**

No. 41255.

Supreme Court of Oklahoma.

Sept. 14, 1965.

A. D. Mason, Tulsa, Raymond J. Green, Tulsa, for petitioner.

Rhodes, Crowe, Hieronymus, Holloway & Wilson, Philip N. Landa, Tulsa, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

PER CURIAM.

On November 28, 1962, William M. Kistler, claimant, filed a claim before the State Industrial Court against Broce Construction Company, Inc., employer, and its insurance carrier, Liberty Mutual Insurance Company, hereinafter referred to as respondents. He alleged that on November 28, 1960, he sustained an accidental injury to his back which arose out of and in the course of his employment. Respondents denied the claim on the grounds that it was barred by the statute of limitations pertaining to timely filing of compensation claims.

The cause was heard on June 15, 1964, and on August 18, 1964, the trial judge entered an order with the relevant parts as follows:

"That claimant sustained an accidental injury, arising out of and in the course of his hazardous employment with said respondent on Nov. 30, 1960, and was furnished medical treatment by respondent at the hands of Dr. Riemer through Feb. 1961.

"That claimant's Form #3 was not filed until Nov. 28, 1962, which was more than one year since the last authorized medical treatment provided by respondent or insurance carrier, therefore, claimant's claim is hereby denied."

The order was affirmed on appeal by the court en banc.

Claimant brings this original proceeding for review of the order denying him compensation, and for vacation of the same, advances the following three propositions:

"1. The court cannot disregard uncontradicted testimony of an unimpeached witness.

"2. Question of whether claim was filed within statutory period of one year is jurisdictional, and Supreme Court will examine entire record.

"3. The claim is not barred by the Statute of Limitations."

85 O.S.1961, § 43, provides in part as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

■ Where employer has neither paid compensation nor wages in lieu of compensation nor furnished medical care or attention for alleged injury within one year next preceding filing of claim therefor, any claim thereafter filed with the Industrial Court is barred by statute, absent any action by employer or one on his behalf to toll or waive the statute. Dearman v. Birmingham Steel & Supply, Inc., Okl., 368 P.2d 849; Jackson et al. v. Carson, Okl., 347 P.2d 1031; Barros v. H. V. Middleton, Inc., et al., Okl., 297 P.2d 920; Evans v. Tulsa City Lines, Inc., et al., Okl., 290 P.2d 126; Skaggs v. Noble Drilling Co., Okl., 283 P.2d 794.

The only lay testimony presented was by claimant. He testified that on November 28, 1960, he lifted a hammer mill grate and injured his back; that he reported the accident to his foreman who gave him written authorization to see a doctor of his own

choice; that the day following the injury, claimant went to his family doctor, Dr. R.; that Dr. R. treated him for approximately two weeks the "first time", and then continued to treat him until November, 1962; that after being treated by Dr. R. for two weeks after the accident he returned to work for employer and continued to work for it until December 3, 1961, when he quit; that he returned to work for employer on March 15, 1962, and worked until May 1, 1962, when he quit again; that during both periods of employment he went to Dr. R. for treatment and that his foreman gave him permission to go; that in January, 1963, after he filed the above referred-to claim, his back was operated by Dr. I. Claimant testified further that "the insurance company" paid a portion of Dr. R's bill but that he didn't know when that portion was paid.

On cross-examination claimant testified that when he quit in May of 1962, he told his boss he was going to Dr. R. and his boss "said it was all right to go ahead" but that he did not thereafter return to work for employer; that in June of 1962, he went to work as a deputy sheriff; that "no one in particular" sent him to Dr. I., but that his attorney "said he was a good doctor"; that he received treatment from Dr. R. about every thirty days but that after he terminated his employment in May of 1962 he did not talk to anyone connected with employer about treatment or the operation.

Dr. R. testified by deposition in behalf of claimant. His testimony was that he began treatment of claimant on December 1, 1960, and that he saw claimant thirty-five times from that date to November 14, 1962; that the employer never did talk to him about treating claimant but that on the first day of treatment claimant presented him with written authorization for treatment on the insurance carrier's medical identification form; that on May 18, 1961, he sent carrier his bill for $94.65 with February 21, 1961, being shown as the last treatment date and that the carrier paid said bill; that he released claimant to return to work

on February 1, 1961; that he didn't know the exact date or to whom he talked but that some time after he sent carrier said bill, being "familiar with the insurance's rules and regulations that they usually like to refer them to a man of their own choice", he called carrier "to find out what they wanted to do with him, and they said, well, they would let me know on it." And I never did hear.

On cross-examination Dr. R. testified that after he sent carrier the above referred-to bill and released claimant to return to work, claimant again came to him for treatment but that this time claimant did not bring him written authorization for treatment; that he contacted carrier for authorization for further treatment but he "never heard from the insurance company" and never received any further authorization from either employer or carrier for additional treatment.

In this case, claimant does not contend he was paid compensation or wages in lieu of compensation, therefore the question to be determined is whether medical care or attention was furnished claimant by employer within one year next preceding the filing of his claim, and if such was not furnished, then did employer or anyone in its behalf do anything to toll or waive the statute of limitations.

■ Claimant was injured on November 28, 1960. He filed his claim exactly two years later on November 28, 1962. He was treated by Dr. R. from December 1, 1960, to February 21, 1961, on written authorization, when he then was released by Dr. R. to return to work. The carrier paid for this treatment. The employer or carrier never authorized additional treatment.

We hold there is no evidence that respondents furnished medical care or attention for the injury within one year next preceding the filing of claimant's claim.

Then did employer or anyone in its behalf do anything to waive or toll the statute of limitations?

■ Claimant quit work for employer on December 2, 1961, and did not return to

work for it until March 15, 1962. There is no evidence employer or carrier knew anything about claimant going to Dr. R. during that period of time. Claimant returned to work on March 15, 1962, and quit on May 1, 1962. He testified that when he terminated his employment on the latter date he told his boss he was going to see Dr. R. and that his boss "said it was all right to go ahead". This in itself was not authorization for medical treatment. Also when carrier refused to authorize further medical treatment when requested by Dr. R. this put Dr. R. and claimant on notice that it would not voluntarily furnish claimant additional care.

 Therefore we can find no evidence that respondents or anyone in their behalf did anything to toll or waive the statute of limitations.

 The burden is on the injured workman to diligently file and prosecute his claim for compensation. Also the Industrial Court, and not this Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and the weight to be accorded their testimony.

 Where the issue of whether statute of limitations in a compensation case has been tolled or waived depends upon a question of fact, and the trial tribunal has heard evidence thereon, its finding on said issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made. United Brick & Tile Company et al., v. Roy, Okl., 356 P.2d 107.; Cupit v. Dancu Chemical Co. et al., Okl., 316 P.2d 593; Determan v. Wilson & Co. et al., Okl., 304 P.2d 1060. Also the finding of the State Industrial Court that a claim for compensation filed by an employee is barred by limitation and an order based thereon denying compensation will not be disturbed on review where reasonably supported by the evidence. Dearman v. Birmingham Steel & Supply Inc., supra.

 We have reviewed the record and hold that the finding of the State Industrial Court denying claim for compensation filed by claimant is barred by limitation and the order based thereon is reasonably supported by the evidence.

Order denying compensation is sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, IRWIN, HODGES and LAVENDER, JJ., concur.