**Joe MOWERY, Petitioner,**

**v.**

**DIERKS FORESTS, INC., and Oklahoma State Industrial Court, Respondents.**

**No. 41599.**

Supreme Court of Oklahoma.

Dec. 14, 1965.

Carl W. Davis, Oklahoma City, for petitioner.

Tom Finney, Idabel, Elbert Cook, De-Queen, Arkansas, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

On June 29, 1964, Joe Mowery, claimant, filed a claim before the State Industrial Court against Dierks Forests, Inc., employer, alleging that on December 28, 1962, he sustained an accidental injury to his back which arose out of and in the course of his employment. Employer denied the claim on the ground it was barred by the statute of limitations pertaining to timely filing of compensation claims.

The cause was heard on March 30, 1965, and on May 20, 1965, the trial judge en-

tered an order with the relevant part being as follows:

"That there was more than one year passed from the date of injury since any medical was furnished or compensation paid in lieu thereof, therefore, claimant's claim is denied."

The order was affirmed on appeal by the court en banc.

Claimant brings this original proceeding for review of the order denying him compensation, and for vacation of the same, contends the claim was not barred by the statute of limitations for the reason claimant was furnished medical treatment by employer in November, 1963, which was less than one year next preceding the filing of his claim.

85 O.S.1961, § 43, provides in part as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

Where employer has neither paid wages in lieu of compensation nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the State Industrial Court is barred by statute, absent any action by employer or one on his behalf to toll or waive the statute. Kistler v. Broce Construction Company, Okl., 405 P.2d 1004; Shann v. Lone Star Steel Company, Okl., 405 P.2d 120; Dearman v. Birmingham Steel & Supply, Inc., Okl., 368 P.2d 849; Jackson v. Carson, Okl., 347 P.2d 1031; Barros v. H. V. Middleton, Inc., Okl., 297 P.2d 920; Evans v. Tulsa City Lines, Okl., 290 P.2d 126; Skaggs v. Noble Drilling Co., Okl., 283 P.2d 794.

The only lay testimony presented was by claimant. He testified that on December 28, 1962, he was lifting roof insulation and injured his back; that he reported the accident to his foreman and that his foreman put him to sweeping floors; that on February 13, 1963, he went to see Dr. R; that Dr. R was the "company doctor;" that no one sent him to Dr. R, that he "went on his own;" that Dr. R didn't do anything for him at that time but sent him to a hospital in a neighboring state; that he stayed there about two hours and was sent back to Dr. R; that Dr. R then gave him a prescription and advised him to return to work; that he continued to see Dr. R occasionally from that time up into March, 1963; that he then went on his own to "several doctors" including Drs. D, C and B; that in November, 1963, he was on his way deer hunting when he "had a spell" with his back and returned to the same hospital where he had been before; that he was confined four days.

Claimant testified further that his attorney sent him to Dr. B who operated on his back on September 14, 1964.

Claimant testified on cross-examination that he continued to work for employer until April, 1964, when he was discharged for being late to work.

In the case at bar, claimant does not contend he was paid compensation or wages in lieu of compensation, therefore, the question to be determined is whether medical care or attention was furnished claimant by employer within one year next preceding the filing of his claim, and if such was not furnished, then did employer or anyone in its behalf do anything to toll or waive the statute of limitations.

Claimant testified he told his foreman about the injury when it happened and that his foreman temporarily put him to doing light work. Nothing was said at that time about a doctor nor did claimant ask to be sent to a doctor. He testified he did not go to a doctor until February 13, 1963; that no one sent him to

the doctor; that he went on his own initiative; that he also went on his own to the other doctors.

· The record is void of any evidence that employer knew that claimant was going to any doctor for treatment. Therefore we can find no evidence that employer or anyone in its behalf did anything to toll or waive the statute of limitations.

■ ■ We have held numerous times that the burden is on the injured workman to diligently file and prosecute his claim for compensation. Also, the State Industrial Court, and not this Court, is the sole and ultimate arbiter of the credibility of witnesses, be they lay or expert, and the weight to be accorded their testimony.

■ ■ Where the issue of whether statute of limitations has been tolled or waived depends upon a question of fact, and the trial tribunal has heard evidence thereon, its finding on said issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made. United Brick & Tile Co. v. Roy, Okl., 356 P.2d 107; Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593; Determan v. Wilson & Co., Okl., 304 P.2d 1060. Also the finding of the State Industrial Court that a claim for compensation filed by an employee is barred by limitations and an order based thereon denying compensation will not be disturbed on review where reasonably supported by the evidence. Dearman v. Birmingham Steel & Supply, Inc., supra.

■ There is competent evidence reasonably tending to support the finding of the State Industrial Court that the claim was barred.

Order denying compensation is sustained.

HALLEY, C. J., and WILLIAMS, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.