Henry Oliver PURDY and the State Industri-
al Court of the State of Okla-
homa, Respondents,

v.

FLINT STEEL CORPORATION,
Petitioner.

No. 46908.

Supreme Court of Oklahoma.

May 6, 1975.

Ronald Main, Tulsa, for petitioner.

Mildred Brooks Fitch, Tulsa, and Larry Derryberry, Atty. Gen., for respondents.

DOOLIN, Justice.

The issue presented in this proceeding concerns the correctness of the trial court's finding that the five year limitation upon presentation of claims after filing, 85 O.S. 1971 § 43, had been tolled by a good faith request for final determination.

Uninvolved factual background reflects matters chronologically summarized. Claimant, sustained accidental injury June 6, 1964, as the result of his falling from a scaffold in the course of covered employment. Respondent furnished medical treatment and paid temporary total compensation until November 24, 1964, when claimant returned to regular work. The claim for compensation was filed June 4, 1965, and contemporaneously hearing was requested for determination of permanent partial disability. Respondent answered admitting accidental injury, and payment of temporary total compensation, and requested a hearing for adjudication of disability.

The case was set for hearing October 6, 1965, on a Tulsa docket. Respondent filed a request for a copy of claimant's medical report, which had not been furnished in response to an oral and written request. No report was forthcoming but the case was not heard, and the reporter's minutes showed the matter was to be reset on motion. The claim then remained dormant until October 18, 1967, when claimant's attorney made a written request for this cause, and another case, to be set for trial. An order was made setting the case for trial December 5, 1967. Respondent had supplied copies of medical reports, but claimant's counsel advised that no medical report was available and he was not ready for hearing.

On March 15, 1968, the attorney wrote to the State Industrial Court concerning claimant's case, and another pending cause, and advised same had not been set for trial. The court then ordered the matter heard May 1, 1968. Respondent's counsel appeared on that date but the case was not called for trial, and upon inquiry he learned the matter had been stricken on request of claimant's attorney. The case then was set for trial July 3, 1968. Respondent's counsel requested the cause be stricken as counsel was scheduled for active military duty on that date. An order was entered striking the cause, and notifying the parties same would be reset on the first available docket.

The case then was ordered heard on October 23, 1968. Respondent's counsel appeared, supplied copies of other medical reports, and was ready for trial. Claimant's attorney again advised he was not ready for trial. The matter then remained dormant and respondent closed this file July 23, 1970.

May 25, 1973, claimant's present counsel moved to set the case for hearing. Respondent filed objection, and moved to dismiss the claim because it was barred by the five year limitation. Response to this motion pointed out the cause was set, at claimant's request, (July 3, 1968) within five years from filing claim, but had been stricken on respondent's motion. No action was taken on this motion and the case was set for hearing July 25, 1973. Respondent was granted leave to file amended answer, which re-alleged original matters, and pleaded the statute, supra, as bar to the claim.

Upon hearing respondent was required to assume burden of going forward with the evidence. This is asserted as error, in that our decisions hold when the bar of limitations is invoked, the burden devolves upon the party who seeks avoidance of the statute to show facts which operate to arrest, suspend, toll, or waive the limitation.

Beatty v. Scott, Okl., 362 P.2d 699; Mowery v. Dierks Forests, Inc., Okl., 409 P.2d 10.

These decisions are not controlling because distinguishable from the matter under review. Whether the statute of limitations has been tolled or waived is a question of fact. Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593.

In Beatty, supra, the trial court found as a fact that no good faith effort had been made to effect a final determination within five years following filing of claim. This finding was sustained as supported by competent evidence.

In Mowery, supra, the issue of limitations was invoked against a claim for compensation that was filed more than a year after alleged accidental injury. The State Industrial Court found as a fact there was no evidence the employer did anything to waive or toll the statute. Such finding when supported by evidence reasonably tending to support the factual determination will not be disturbed on review. Cupit v. Dancu Chemical Co., supra.

In Mowery, the conclusion rested upon claimant's duty to adduce proof showing the statute had been tolled or waived by the employer's acts. Recognition of this principle does not support respondent's argument.

The issue in the present case does not turn upon necessity for showing acts of the employer which would toll the statute, and thus afford this claimant a right to file a belated claim and escape the bar of limitations. Settled decisional law declares this statute of limitations is a special statute of repose, covering a particular class of claims, designed to prevent fraud and protect litigants from stale claims. Steffens Ice Cream Co. v. Jarvis, 132 Okl. 300, 270 P. 1103. The limitations provided by statute, supra, are a limitation upon the remedy, and not upon the right itself. Atlas Coal Co. v. Corrigan, 148 Okl. 36, 296 P. 963, and cases cited: Natl. Zinc Co. v. Van Gunda, Okl., 402 P.2d 264.

The present claim indisputably was filed within time, but pended undisposed of beyond the five year period. The decisive issue is whether claimant made good faith request for hearing and determination within five years after filing claim. Upon hearing respondent was granted leave to file amended answer raising the defense of limitations. Claimant's objections were overruled, and respondent's counsel presented argument against setting the cause for hearing and moved for dismissal of the claim.

In presentation of argument counsel noted objection to assuming burden of proof, but contemporaneously requested to be sworn in order to testify concerning relevant events up to that date. Having objected to the court's request to go forward with the evidence, counsel voluntarily accepted opportunity to present evidence counsel deemed pertinent to the motion to dismiss this claim. Respondent then presented evidence in relation to the manner in which the claim had been handled, and reasons for delay occasioned by numerous requests the cause be stricken.

Claimant's request for hearing to determine permanent partial disability without question was filed within five years after claim was filed. Matters relating to the case having been set, stricken, and re-set after June 4, 1965, are disclosed by the record, and from evidence given by respondent's counsel. This evidence was derived by reference to correspondence and memoranda accumulated before the file was closed. Admittedly there was some discussion with claimant's attorney concerning possible settlement during the interim following striking of hearing set for July 3, 1968. Respondent's file neither disclosed nor made reference to this possibility, although the matter was discussed.

Claimant's wife testified that beginning in 1964, weekly telephone calls were made to the attorney, which were unavailing because of his consistent refusal to return her calls. Prior to 1968, the wife accompanied claimant to three separate hearings

when set, the attorney being present on two occasions. Beginning in 1968 this attorney completed claimant's tax returns each year, but consistently declined to discuss claimant's case when inquiry was made. Efforts to procure claimant's case file were unsuccessful, and in March, 1973, the attorney's secretary advised the file had been lost or destroyed.

Medical evidence was introduced by both parties. The trial court found claimant had suffered accidental injury; respondent objected to hearing for determination of permanent partial disability; applicable facts disclosing chronology of events preceding last hearing. The court found the statute of limitations had been tolled by claimant's good faith request (March 15, 1968) for the case to be set for hearing. An order was entered awarding compensation for 9% disability caused by head injury, 7% for disability to neck, left shoulder and back, for a total award of 16% permanent partial disability to the body as a whole resulting from accidental injury.

Prior decisions place a duty upon the party seeking to avoid effect of statute of limitations to assume the burden of showing waiver or toll of the statute. Although erroneous as a matter of procedure, respondent voluntarily assumed this duty by offering evidence in support of the motion to strike and to dismiss the claim. From this record it does not appear respondent in any manner was prejudiced in presentation of the defense to this claim. Although this trial procedure is not approved, under the circumstances shown, we hold the error claimed in respect to the burden of proof does not require vacation of the trial court's order.

A question of limitation respecting a compensation claim is jurisdictional, and subject to independent review by Supreme Court. Spec. Ind. Fund v. Hulse, Okl., 441 P.2d 366. However, an issue whether the statute of limitations has been tolled or waived as a question of fact for determination of State Industrial Court. Where there is any competent evidence to support determinations of fact findings of State Industrial Court will not be disturbed on review. Cupit v. Dancu Chemical Co., supra. Although there may be evidence which might have supported a contrary conclusion, this is not controlling under law applicable to State Industrial Court findings of fact. Riley v. Cimarron-Empire Const. Co., Okl., 420 P.2d 550.

Respondent's argument is based on the claim no competent evidence established that claimant's request for hearing (March 15, 1968) was a good faith request for final adjudication of permanent partial disability. The trial court heard the evidence, and determined a good faith request had been made to set the matter for final determination. Disposition of this case is controlled by our decision in Natl. Zinc Co. v. Carter, Okl., 442 P.2d 488, wherein we held:

"* * The statute does not require that the hearing be held within the five year period. In this case the claimant within the five year period filed a written motion requesting a hearing and final determination of the claim."

Filing motion for final hearing within five year period establishes good faith in presenting claim under Section 43, although hearing is not held before expiration of the period Parsons v. State Industrial Court, Okl., 372 P.2d 27. The trial court determined from the evidence that a good faith request had been made to set the cause for final adjudication. The State Industrial Court's finding of fact as to bona fides of the request is supported by competent evidence.

Award sustained.

WILLIAMS, C. J., and DAVISON, IRWIN, BERRY, LAVENDER and SIMMS, JJ., concur.