TULSA HOTEL et al. v. SPARKS et al.

No. 32767.   July 13, 1948.

Rehearing Denied Oct. 19, 1948.

*198 P. 2d 652.*

James C. Cheek, Alex Cheek, and John Cheek, all of Oklahoma City, for petitioners.

A. M. Covington, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, V. C. J. This is an original proceeding brought in this court by petitioners, Tulsa Hotel, and its insurance carrier, Employers' Casualty Company, to review an award of the State Industrial Commission awarding compensation to respondent S. C. Sparks.

Respondent filed his first notice of injury and claim for compensation on December 26, 1945, in which he stated that on October 14, 1942, while in the employ of the Tulsa Hotel he sustained an injury to his left foot; that he was advised by Dr. Black, the physician of the Tulsa Hotel, that he would sustain no permanent disability from such injury, but that he recently discovered that his foot was permanently disabled.

The trial commissioner found that respondent, on October 15, 1942, while in the employ of the Tulsa Hotel, owned and operated by the Waslic Corporation, and engaged in a hazardous occupation, sustained an accidental personal injury arising out of and in the course of his employment consisting of an injury to his left foot; that on the date of the injury his foot was examined and treated by Dr. Black, a physician in the employ of the Tulsa Hotel, and that on November 7, 1942, said physician reported said injury to the commission in writing on form 4 provided by the commission; that the filing of such report vested the commission with jurisdiction to hear and determine said claim.

The trial commissioner further found that as a result of said injury respondent sustained a 10 per cent permanent partial disability to his left foot which entitles him to compensation in the sum of $270 or 15 weeks at $18 per week, and entered an order awarding him compensation accordingly. No appeal was taken from this order to the commission sitting as a whole. This proceeding is brought by petitioners to review the award.

The award is challenged on the sole ground that no claim for compensation was filed by respondent within one year after the date of the alleged injury as provided by 85 O. S. 1941 §43, and the claim is therefore barred by limitation.

The record shows that respondent received his injury on October 14, 1942, and that no claim was filed by him for compensation until December 26, 1945. Therefore, in the absence of a showing that some other form of instrument was filed with the commission in the nature of a claim within one year after the date of the injury, the claim would be barred by limitation.

The evidence shows that on the date he sustained his injury respondent called on Dr. Black, the house physician of the Tulsa Hotel, who examined him and treated his foot; that the doctor advised him that he would sustain no disability by reason of his injury; that he would lose no time; that on such advice he remained at work and worked for several weeks thereafter for the Tulsa Hotel; that he then left such employment to accept a better position and worked continuously for several different companies until October 18, 1945, at which time the ankle of his foot became swollen and caused him some pain and he was by reason thereof no longer able to continue at his work; that he then consulted Dr. White who, after X-ray examinations, advised him that some bones of his foot were broken. He then, and on December 26, 1945, filed his claim for compensation.

The record further shows that on November 7, 1942, Dr. Black filed his physician's report with the commission in which he stated that he had examined respondent on the 15th day of

October, 1942, and found the ankle of his left foot swollen and tender but found no fracture; that he cleansed it with Merthiolate and bandaged the foot; that respondent would lose no time and that his injury would not result in any permanent disability.

Respondent first contends that the filing of this report by the physician should be treated as the filing of a claim for compensation within the meaning of the Workmen's Compensation Act, and therefore sufficient to confer jurisdiction upon the commission to hear and determine the claim. In support of this contention he relies upon the following cases: Oklahoma Natural Gas Corp. v. Craig, 193 Okla. 56, 139 P. 2d 181; 141 P. 2d 99; International Supply Co. v. Morrell, 187 Okla. 346, 102 P. 2d 846; Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381, and other similar cases. These cases do not go to the extent claimed by respondent. None of the cases hold that the mere filing of a physician's report stating that an employee had sustained some injury but that such injury would not result in any disability, temporary or permanent, is sufficent to constitute a claim for compensation within the meaning of the Workmen's Compensation Act. These cases simply hold that no particular form of pleading is required to confer jurisdiction upon the State Industrial Commission to hear and determine a claim for compensation, but that anything filed before the commission which directs its attention to the fact that an employee has been injured and that compensation is being claimed by him for such injury, or that compensation has been paid him by his employer, or that he has been furnished medical treatment by his employer, is sufficient to constitute a claim within the meaning of the statute. In harmony with this principle we have held in the above cases that the filing of notice of injury by the employer stating that an employee has been injured and that the employer is furnishing him with medical treatment for such injury or

is paying him compensation, or where an employer fails to file a notice of injury but pays the employee compensation therefor and files his receipts with the commission showing such payment is sufficient to invoke the jurisdiction of the commission and to constitute a claim for compensation within the meaning of the Workmen's Compensation Law. These cases are based on the theory that the filing of such instruments by the employer constitute a conscious recognition on his part of a liability and sufficient to advise the commission of the fact that an employee has been injured and is claiming or being paid compensation for such injury, and therefore sufficient to constitute a claim for compensation. No such state of facts has been shown in the instant case. There is nothing contained in the physician's report which can be construed as amounting to conscious recognition of liability on the part of the employer, nor is there anything therein stated which would tend to advise the commission that respondent is claiming compensation for his injury. To hold the filing of such report sufficient to constitute a claim for compensation would amount to complete abrogation of the statute. Respondent's contention in this respect cannot be sustained.

Respondent further contends that it did not become apparent to him that he had sustained any disability by reason of his injury until October, 1945; that he filed his claim for compensation within one year thereafter and that the claim was therefore filed in time.

The commission made no finding on the issue but sustained its jurisdiction on the sole ground that the filing of the physician's report answered the purpose of the claim and was therefore sufficient to confer jurisdiction upon it. This question, however, is raised in the claim filed by respondent and by the evidence. It is discussed by both parties in their briefs. The question as to whether a claim for compensation has been filed within the statutory per-

iod as provided by 85 O. S. 1941 §43, is a jurisdictional question which will be reviewed independently by this court. Roe v. Jones & Spicer, 196 Okla. 582, 167 P. 2d 70. This court is not bound on such question by any finding of fact or lack of finding of fact by the commission, but will examine and weigh the evidence and make its own independent findings of fact in relation thereto. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32; Tulsa Rig & Reel Mfg. Co. v. Case, 176 Okla. 262, 55 P. 2d 777.

The evidence on behalf of the claimant is to the effect that immediately upon receiving the injury (October 15, 1942) he was sent to Dr. Black for medical attention, who treated him at several different times for a period of five or six weeks. That Dr. Black advised him that his foot was practically well and that there was nothing further that he could do for claimant. That claimant never lost any time, nor was he ever paid any compensation; that he had not seen Dr. Black since about January 1, 1943, and that the respondent, or its insurance carrier, had not given him any medical treatment of any kind or character since 1942, although he had requested such medical attention. Claimant further testified that his foot bothered him almost continuously since the date of the accident.

Claimant contends that the statute of limitations has not run against him because he was led to believe from Dr. Black that the injury was of a trivial nature and would not result in any permanent disability. He contends that he did not become aware of the fact that he had sustained any permanent disability to his foot until October, 1945, when he consulted a Dr. White and was advised by him that some of the bones in the ankle of his foot had been fractured. That his claim was filed with the Industrial Commission on December 26, 1945, which he asserts was within one year after the disability arising from the injury became apparent.

Claimant therefore states that his claim was timely filed under the rule announced in Brown & Root, Inc., v. Dunkelberger, 196 Okla. 116, 162 P. 2d 1018, wherein we said:

"Under the provisions of the Workmen's Compensation Law (85 O. S. 1941 §1 et seq.) the statute of limitations does not begin to run against the filing of a claim until the disability arising from such accidental injury becomes apparent."

The holding in the above cited case was based upon the rule announced in Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, and Swift & Co. et al. v. State Industrial Commission, 161 Okla. 132, 17 P. 2d 435. The applicable syllabus in each of these cases and also the Dunkelberger case is too broad for the reason that no limitations of any kind are contained therein, and same are hereby disapproved. The facts, however, as stated in the Roach and Swift & Co. cases, supra, are sufficient to toll the statute and under the facts contained therein we agree that the result reached in each of said cases was correct.

In the case of Bartlett-Collins Co. v. Roach, supra, the claimant received an eye injury on May, 14, 1934, and was sent to the company doctor who intermittently treated her eye until on or about October, 1935, when she went to another doctor who then removed a piece of glass from her eye. She then learned, for the first time, that she had a permanent injury to the eye and filed her claim with the Industrial Commission on December 9, 1935, which was within a period of less than one year from the time she received the last medical attention from the company doctor.

In Swift & Co. et al. v. State Industrial Commission et al., supra, the claimant received a head injury in October, 1927. Claimant returned to work the next day and reported the injury to his employer and continued to work. That at the time of the accident and for about six months thereafter the

injury was apparently trivial and that during said time the claimant did not know nor could he have known that any real injury had resulted or would result from the accident. That about six months after the accident the claimant became mentally incompetent and thereafter a guardian was appointed for him and within one year's time after said appointment the guardian filed a claim with the Industrial Commission. This case held that the statute would not run from the time the respondent became mentally incompetent.

The facts in the Dunkelberger case, supra, are insufficient to cause a tolling of the statute due to the fact that the claim was not filed within one year from the last medical treatment afforded claimant by the company. We therefore find that this case should be expressly overruled.

The facts and circumstances in the Roach case, supra, are akin to those in the case of Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okla. 13, 190 P. 2d 460, wherein we held that the statute is tolled during the time when an employer voluntarily furnishes the employee medical attention to which she is entitled under the Workmen's Compensation Law. Also, see International Supply Co. et al. v. Morrell et al., 187 Okla. 346, 102 P. 2d 846, and Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okla. 213, 23 P. 2d 381.

The facts and circumstances in the instant case are very similar to the facts in the case of Roe v. Jones & Spicer, Inc., 196 Okla. 582, 167 P. 2d 70, wherein we said:

"Where an employee sustained an accidental personal injury on a day certain and orally reports the same to the employer and the employer sends him to a physician for treatment, and the treatment of the physician ceases at the end of four or five days, and the employee continues his employment for several months, and changes employment twice thereafter, during all of which time he is aware of some effect of the injury to his arm but does not file a written claim with the State Industrial Commission for more than two years after the date of the injury, held: Any claim for compensation for such injury is barred by 85 O. S. 1941 §43."

An injured workman who is not remunerated in any way for his compensable injury, of which he has or should have knowledge, may not await the running of the statute of limitations and then be entitled to compensation. Chas. M. Dunning Construction Co. v. Williams, 196 Okla. 620, 167 P. 2d 371.

In the case at bar, neither the employer, nor anyone in its behalf, has done anything by which it may be said that limitations imposed by statute may be extended. Neither compensation nor remuneration in lieu thereof was paid to claimant, nor was medical attention afforded him for a period of 37 months, next preceding the filing of his claim with the Industrial Commission. We therefore hold that the claim was not filed in time.

The cause is remanded to the State Industrial Commission with directions to dismiss the claim.

HURST, C. J., and WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.