D. A. SKAGGS, Petitioner,

v.

NOBLE DRILLING COMPANY, Aetna Casualty and Surety Company, and State Industrial Commission, Respondents.

No. 36648.

Supreme Court of Oklahoma.

March 8, 1955.

Rehearing Denied April 6, 1955.

Application for Leave to File Second Petition for Rehearing Denied May 24, 1955.

Paul Pugh, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding by D. A. Skaggs to review an order of the State Industrial Commission denying him compensation on a claim filed by him against his employer Noble Drilling Company and its insurance carrier, Aetna Casualty and Surety Company.

The evidence discloses that on the 30th day of July, 1952, petitioner while in the employ of the drilling company sustained an accidental injury consisting of laceration of his forehead and some injury to his back. He was furnished medical treatment by his employer and the laceration was repaired and petitioner continued at his work and lost no time as a result of the injury. The last date upon which medical treatment was furnished was August 6, 1952.

Petitioner did not file his claim for compensation until October 24, 1953. The trial commissioner held that since the claim was not filed within one year after petitioner sustained his injury his claim was barred by limitation under 85 O.S.1951 § 43, and entered an order denying compensation which was sustained on appeal to the Commission en banc.

Petitioner brings the case here to review this order and relies for its vacation on the ground that it is not supported by the evidence and is contrary to law.

Since petitioner did not file his claim within one year after he sustained his injury his claim is barred by limitation

under the section of the statute, supra, unless it has been tolled for some reason therein provided.

Petitioner asserts that the evidence discloses respondents furnished him medical treatment after he sustained his injury and the statute was tolled during the time medical attention was furnished him. This is a correct statement and if petitioner had filed his claim within one year after the date on which medical treatment was last furnished him his claim would have been filed in time. The evidence however discloses that the last date on which respondents furnished him medical treatment was August 6, 1952. He did not file his claim until October 24, 1953, and more than one year elapsed after the last date upon which medical treatment was furnished him. His claim is therefore barred. In Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652, and many other cases, we held that under 85 O.S.1951 § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of the claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute.

There is no evidence tending to show that petitioner's employer paid him compensation or wages in lieu of compensation within one year next preceding the filing of his claim, and, since the statute has in no manner been tolled during that period petitioner's claim is barred.

The record discloses that on November 6, 1953, respondent drilling company filed with the Commission Form 2, Employer's First Notice of Injury, in which it is stated that petitioner on July 30, 1952, while in its employ sustained an accidental injury consisting of injury to his forehead causing laceration thereto; that such injury has been repaired and that he lost no time as a result of the injury. It will be noted that respondent in this notice in no manner acknowledged liability by reason of such injury sustained by petitioner.

Petitioner further contends that this notice filed by respondent constitutes a pleading in the nature of a claim and that the Commission had jurisdiction to enter an award at any time after this notice was filed and cites numerous authorities in support of this contention. These authorities generally hold, as stated in Skelly Oil Co. v. Harrell, 187 Okl. 412, 103 P.2d 88:

"There is no particular form of pleading required to give the State Industrial Commission jurisdiction to hear and determine a claim for compensation. Anything filed with the State Industrial Commission that challenges its attention, causes it to act, is sufficient to put in motion the process of the Industrial Commission to see that compensation is paid to injured employees. Sinclair Prairie Oil Co. v. Smith, 168 Okl. 483, 34 P.2d 248; McCawley v. Crane, 184 Okl. 64, 85 P.2d 423."

Assuming that the notice referred to constituted such an instrument as would be sufficient to constitute a claim, it was not filed within one year after petitioner sustained his injury and therefore would not have the effect of either tolling or reviving the statute. In Tulsa Hotel v. Sparks, supra [200 Okl. 636, 198 P.2d 653], we said:

"The record shows that respondent received his injury on October 14, 1942, and that no claim was filed by him for compensation until December 26, 1945. Therefore in the absence of a showing that some other form of instrument was filed with the commission in the nature of a claim within one year after the date of the injury the claim would be barred by limitation."

Since petitioner did not file his claim within one year after he sustained his injury and nothing has been done by respondent to toll the statute, the commission ruled correctly in holding the claim barred by limitation, and in denying compensation.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, ARNOLD, HALLEY and JACKSON, JJ., concur.