James Lee DYE, Petitioner,

v.

ED JOHNSTON GRAIN COMPANY and Lumbermen's Mutual Casualty Company and the State Industrial Commission, Respondents.

No. 37763.

Supreme Court of Oklahoma.

Dec. 24, 1957.

Thomas A. Landrith, Jr., Richard K. Mc-Gee, Tulsa, for petitioner.

Rucker, Tabor & Cox, Dennis J. Downing, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

On July 31, 1956 James Lee Dye, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on June 9, 1955 he sustained an accidental injury arising out of and in the course of his employment with Ed Johnston Grain Company. On the 18th day of March 1957, the State Industrial Commission entered an order denying an award, the order being substantially as follows:

"Now, on this 18th day of March, 1957, the State Industrial Commission being regularly in session, the above entitled cause comes on for consideration pursuant to hearing at Tulsa, Oklahoma, on February 12, 1957, claimant appearing in person and by R. K. Mc-Gee, attorney, and the respondent and insurance carrier appearing by Dennis J. Downing, attorney, before Judge Jess B. Harper, who, being fully advised in the premises, finds:

"That claimant's claim for compensation filed herein on July 31, 1956, against the above named respondent should be denied for the reason that this Commission has no jurisdiction of said cause since the Statute of Limitations had run since the date of injury and since the date of last medical treatment furnished, prior to the date claimant filed his claim.

"It is therefore ordered that claimant's claim for compensation filed herein should be and the same is hereby denied."

This proceeding is brought by the claimant against the employer and the Lumbermen's Mutual Casualty Company, insurance carrier, to review the order denying the award.

Claimant testified that on the 9th day of June 1955, he was operator for the granary. He was unloading a pickup truck and the truck rolled off the ramp and pinned him against the building crushing his chest and lower abdomen and injuring other parts of his body. He was treated from June 9th to June 27, 1955, by Dr. GH. He never received any other treatment from any other doctor. He returned to work in about thirty days but quit and went to work at a filling station where he worked for approximately three months. He then obtained employment with a refinery in Blackwell, Oklahoma. Although he saw three other doctors after being treated by Dr. GH he was not examined or treated for the injury received June 9, 1955, until after the filing of his claim on July 31, 1956.

One of the doctors he went to see examined him for his employment with the refinery. He went to see another doctor about an injury he sustained while working for the refinery.

After the conclusion of the testimony and before the order denying the award was made the State Industrial Commission entered an order dated February 15, 1957, directing claimant to be examined by a doctor chosen by the State Industrial Commission, the expenses thereof to be paid by respondents.

■ Claimant first argues that respondents cannot present the issue of the Statute of Limitations because they failed to file their answer raising the issue within ten days as required by the rules of the State Industrial Commission. Respondent first filed a general denial, then after more than ten days from the filing of the claim filed an answer raising the issue of the statute of limitations. The rules of the State Industrial Commission are discussed in Mead Bros., Inc., v. State Industrial Commission, 144 Okl. 279, 291 P. 571, and Wasson v. Tulsa Dairy Supplies, Okl., 315 P.2d 773, in which it is stated that the State Industrial Commission can relax the rules when it sees fit to do so. The respondents were not precluded from raising the issue of the statute of limitations by their first an-

swer and it was properly raised in the subsequent hearing.

■ Claimant next argues that the question of the statute of limitations was finally 'determined by the order directing the claimant to be examined at the expense of respondents.

Claimant cites Consolidated Motor Freight Terminal v. Vineyard, 193 Okl. 388, 143 P.2d 610, which holds that where a jurisdictional question is determined in an order or award which becomes final it is res judicata in a subsequent proceeding. Obviously it has no application to a case in which no final order or award has been made determining jurisdiction. We hold that the order directing claimant to be examined by a physician at the expense of the respondents is not such an order as held binding in Consolidated Motor Freight Terminal v. Vineyard, supra, and the order entered did not determine the question of the statute of limitations.

■ Claimant also argues that respondents waived the statute of limitations by sending claimant to be examined under the order of February 15, 1957, and agreeing to pay for the examination. We cannot agree with this contention. To so hold would handicap both the parties to the proceeding and the State Industrial Commission in its orderly proceeding to determine the cause and extent of the disability. The respondents did not waive the statute of limitations by complying with the order of the State Industrial Commission of February 15, 1957.

■ Claimant also argues that the record discloses that some time in November 1956, the insurance carrier sent claimant to Dr. G for examination and that this is furnishing medical attention within the rule announced by this court in Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255, and Bethelehem Supply Co. v. Ambrister, Okl., 316 P.2d 588. We do not agree. We know of no case holding that where more than one year has elapsed between the date of the accidental injury and the filing of the claim and nothing has been done by the employer or insurance carrier to toll the statute the sending of a claimant to a medical expert for examination after the claim is filed tolls the statute. We therefore hold that if the record discloses that claimant was sent by respondent or the insurance carrier to. be examined by Dr. G such conduct did not constitute furnishing medical treatment or medical attention within the rule of the above cited cases.

■■ Finally claimant argues that the record discloses that claimant was furnished medical treatment or attention within the meaning of the above cited cases. The record discloses without substantial conflict that no medical attention was given with the consent of the employer or insurance carrier after the 27th day of June 1955 and before the filing of the claim on July 31, 1956. It is undisputed that he was last treated by Dr. GH on June 27, 1955. Claimant insists that he was furnished voluntary treatment by the employer and treated by Dr. GH until the 27th day of June, 1955, and was never released by the doctor; that he was thereafter seen by other physicians. We have carefully reviewed the record in this connection and find no substantial evidence of the voluntary and continuous medical attention furnished by the employer within one year of the date on which the claim was filed. This is required in order to toll the statute. Denver Producing & Refining Co. v. Holding, 199 Okl. 418, 186 P.2d 815; Domestic Laundry & Dry Cleaning Co. v. Weston, 200 Okl. 13, 190 P.2d 460. There is no evidence that the respondents consented to any treatment of claimant by any physician after June 27, 1955. In Determan v. Wilson & Co., Okl., 304 P.2d 1060, 1061, it is stated:

"The finding of the State Industrial Commission that a claim for compensation filed by an employee is barred by limitation and an order based thereon denying compensation will not be disturbed on review where reasonably supported by the evidence."

In Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652, it is stated:

"Under 85 O.S.1941, § 43, where an employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for an alleged injury within one year next preceding the filing of a claim therefor, any claim thereafter filed with the Industrial Commission is barred where the employer or some one in his behalf has done nothing to toll or waive the statute."

The order denying the award because of failure to file within time is supported by the evidence.

Order sustained.