NATIONAL ZINC COMPANY and Hartford Accident and Insurance Company, Petitioners,

v.

Leo J. GROSZEK and the State Industrial Commission, Respondents.

No. 37902.

Supreme Court of Oklahoma.

Dec. 15, 1959.

Rehearing Denied March 15, 1960.

Application for Leave to File Second Petition for Rehearing Denied April 19, 1960.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Howard C. Triggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., Richard M. Huff, Asst. Atty. Gen., for respondents.

PER CURIAM.

On October 1, 1956, Leo J. Groszek, respondent herein, filed a claim for compensation against National Zinc Company, referred to herein as petitioner, and its insurance carrier Hartford Accident & Indemnity Company, referred to herein as insurance carrier, stating that on February 22, 1954, while in the employ of petitioner and engaged in the course of his employment he sustained an accidental injury consisting of an injury to his lower back. The injury occurred while he was engaged in pulling on material when he fell, striking his back on a stone.

Petitioner and its insurance carrier filed an answer consisting of a general denial and an affirmative plea of limitation.

The trial judge found for the employee Groszek for the total sum of $2,800 and that the injury occurred on the 22nd day of February, 1954, and that the claim was not filed until October, 1956, but that the delay in filing claim was tolled or waived.

The petitioner and insurance carrier bring the case here for review and raise two questions as follows:

Proposition I. There was no competent evidence to support the finding made by the Industrial Commission and especially the findings as to the injury found to exist.

Proposition II. The cause was barred by limitations and the Industrial Commission was without jurisdiction to make the order complained of.

Since we are convinced that the claimant's claim was barred by 85 O.S.1951 § 43, we will not discuss petitioner's Proposition I.

The record is plain that claimant sustained an accidental injury on the 22nd of February, 1954, while in the employ of the petitioner. He received medical treatment and was off work until April 2, 1954, when he returned to work. Treatment was continued to August 1, 1954. He was paid compensation for the time he was not working. In July, 1955, the claimant went to his employer's dispensary and asked some sort of treatment for his back or that a belt or brace be furnished him. This request was not granted him because the man in charge of the dispensary did not think he was authorized to furnish either. Claimant came back to the dispensary in June, 1956. He was sent to Dr. A who gave him diathermy for three weeks and discontinued this treatment on July 3, 1956. Claimant worked all the time. No treatment of any kind was furnished the claimant from August 2, 1954, until June 3, 1956.

■ There is no question but that this claim was barred unless tolled by some conduct of the employer during the period from August 2, 1954, to August 2, 1955. The record discloses no conduct on the part of the employer which would constitute a tolling or waiver of the filing of employee's Form 3 during that period. 85 O.S.1951 § 43; Vaughan v. Shell Pipe Line Corp., 204 Okl. 175, 228 P.2d 180; York v. State Industrial Commission, 201 Okl. 636, 208 P.2d 563.

■ The claimant in this case maintains that the fact that his employer did send him to a doctor after the expiration of one year tolled, waived or suspended the running of the limitation. In our opinion such action after the expiration could not revive the claimant's claim. It had expired on August 2, 1955, and future conduct would not revive it. The claimant cites the case of Indian Drilling Mud Company v. McGrew, Okl., 311 P.2d 247. The point which distinguishes the aforementioned case from the case at bar is that the Executive President of the Company in that case knew about the employee's injury from the start and insisted through the months that the employee go to a doctor and have his eye removed. He did this before one year had elapsed and after it had done so, and even down to the time the operation had been performed. Liability was acknowledged. In the case at bar neither by word nor act did the employer toll or waive the filing of employee's claim and what transpired after the limitation had run is of no avail. We think the rule found in Skaggs v. Noble Drilling Co., Okl., 283 P.2d 794, 795, is sound. We quote from it:

"Since petitioner did not file his claim within one year after he sustained his injury his claim is barred by limitation under the section of the statute, supra, unless it has been tolled by some reason therein provided."

There was nothing done within the year August 2, 1954, to August 2, 1955, that would toll the statute. The action of the employee of the dispensary in denying the request for a belt or brace would not constitute a waiving or tolling. Award vacated.

DAVISON, C. J., and WELCH, HALLEY, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and BERRY, JJ., dissent.