Glen O. BACON, doing business as Bacon Drilling Company and Western Casualty and Surety Company, a corporation, Petitioners,

v.

STATE INDUSTRIAL COURT and Bob Wilson, Respondents.

No. 38129.

Supreme Court of Oklahoma.

April 26, 1960.

William H. Wilson of Rhodes, Crowe, Hieronymus & Holloway, Oklahoma City, for petitioners.

Smith, Johns & Neuffer, by Harry Neuffer, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On June 27, 1957, Bob Wilson, hereinafter referred to as claimant, filed a claim for compensation against Glen O. Bacon, doing business as Bacon Drilling Company, and its insurance carrier, Western Casualty and Surety Company, hereinafter referred to as petitioners, stating that on October 18, 1955, while in the employ of petitioner, Bacon Drilling Company, he sustained an accidental injury consisting of an injury to his back causing some permanent disability to his person; that the injury occurred when tongs on a drilling rig upon which he was working fell against his back.

Petitioners filed an answer to claimant's claim consisting of a general denial except as otherwise admitted.

Petitioners admitted that claimant on October 18, 1955, while in the employ of Bacon Drilling Company sustained an accidental injury and that they paid the medical bills of Dr. M in the sum of $31 for his services in treating claimant on November 21, 1955 and further alleged that claimant's claim is barred by limitation.

The trial judge at the close of the evidence found that claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above-named respondent, within the terms and meaning of the Workmen's Compensation Law, on October 18, 1955, consisting of injury to his back; that his claim was not filed with the State Industrial Court until June 27, 1957, but same

is not barred by the Statute of Limitations for the reason that he was furnished medical treatment for such injury by the petitioners at the hands of Dr. M of Anadarko, immediately after said accident and again by Dr. M and Dr. R in April and May, 1957, thereby tolling the Statute of Limitations. That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $28 per week; that as a result of said injury, claimant has been temporarily totally disabled from April 1, 1957, to date, and is still temporarily totally disabled and in need of further medical treatment, care and attention, and is entitled to compensation for temporary total disability to be paid as follows: Compensation at the rate of $28 per week from April 1, 1957, to date, and to continue for and during claimant's period of temporary total disability, not to exceed 300 weeks, or until further order of this court; that claimant is entitled to be furnished such medical attention as may be necessary for correction of his condition due to said injury, at the hands of a competent physician to be selected by petitioners. Upon such finding the trial judge entered an award awarding claimant temporary total compensation in the sum of $956.67 and ordered and directed petitioners to continue payment of temporary total compensation at the rate of $28 per week until claimant's temporary total disability ceased, not to exceed 300 weeks and until further order of the court and ordered and directed that the petitioners furnish claimant with further medical treatment as may be necessary for correction of the injury sustained on the 18th day of October 1955. The award was sustained on appeal to the Industrial Court en banc.

Petitioners bring the case here to review the award. Their main contention is that claimant's claim is barred by limitation and the finding of the court holding otherwise and awarding claimant compensation is not supported by the evidence and is contrary to law. With this contention we agree.

The view taken renders it unnecessary to discuss the evidence in detail. We shall only refer to the evidence insofar as necessary to determine the question of limitation.

Claimant in this respect in substance testified: He sustained an accidental injury to his back when he was struck by some drilling tongs on October 18, 1955, while employed by petitioner Bacon Drilling Company and he was sent by Mr. Bacon to Dr. M of Anadarko for examination and treatment. He received some four or five treatments and then returned to work for his employer and worked for a period of about two weeks after which time he quit and went to Dumas, Texas. He there worked for the American Zinc Company the remainder of the year 1955 and during the year 1956. He returned to Oklahoma on or about April 23, 1957. He did not receive any further medical treatment after the treatment received from Dr. M in 1955, nor did he receive any medical treatment of any kind during 1956, but on April 1, 1957, he went to the Veterans Hospital at Amarillo, Texas, where he was treated for a service connected disability sustained by him in 1950 while he was in the service of the United States Army. The doctor at Veterans Hospital removed a kidney stone from his kidney. On April 23, 1957, claimant returned to Marlow, Oklahoma, where he contacted his former employer Bacon Drilling Company and told him that he was having back trouble and the former employer then sent him to Dr. M for further treatment. The doctor examined him and directed him to go to Dr. R in Oklahoma City and immediately thereafter and subsequent to these examinations he filed his claim for compensation. The examination by Dr. R was conducted on May 8, 1957, and the doctor thereafter presented the bill for his services to Bacon Drilling Company's insurance carrier and the claim was denied. He thereafter presented the bill to claimant.

Mr. Bacon in his testimony testified the same as claimant except he stated that when claimant returned to Oklahoma and contacted him he told him that his back was hurting; that he directed him to go back to the doctor for treatment; he did not specify any particular doctor. Dr. M, however, thereafter called him and stated that claimant had returned to him and he examined claimant and directed him to go to Dr. R. Bacon replied that if he needed further treatment for his injury sustained on October 18, 1955, to go ahead and send him to Dr. R. Dr. R thereafter and on May 8, 1957, gave him a further examination.

It is this last examination on May 8, 1957, by Dr. R which claimant relies upon to toll 85 O.S.1951 § 43. In support thereof claimant, among other cases cites the case of Indian Drilling Mud Co. v. McGrew, Okl., 311 P.2d 247. That case, however, is distinguishable from the present case because of a material difference in the facts. We said in Dye v. Ed Johnston Grain Co., et al., Okl., 319 P.2d 1004, 1006:

> " * * * We know of no case holding that where more than one year has elapsed between the date of the accidental injury and the filing of the claim and nothing has been done by the employer or insurance carrier to toll the statute the sending of a claimant to a medical expert for examination after the claim is filed tolls the statute. * * *"

Our holding in National Zinc Co. v. Groszek, Okl., 350 P.2d 961, sustains this position.

We have examined the other cases cited by claimant and find they have no bearing on the question here involved.

We conclude that the Industrial Court's finding that the statute of limitation as to the time in which claimant had to file his claim was tolled until May 8, 1957, and awarding claimant compensation is erroneous as not being supported by the evidence and contrary to law. Award vacated.

DAVISON, C. J., and WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and BLACKBIRD, J., concur by reason of stare decisis.