Edwin S. SHANK, Petitioner,

v.

OKLAHOMA OFFICE & BANK SUPPLY CO., Utilities Insurance Company and State Industrial Court, Respondents.

No. 40164.

Supreme Court of Oklahoma.

Dec. 17, 1963.

James H. Werner, Tulsa, for petitioner.

Pierce, Mock, Duncan, Couch & Hendrickson, John R. Couch, James S. Steph, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

HALLEY, Vice Chief Justice.

Petitioner, an employee of respondent, Oklahoma Office & Bank Supply Company, sustained an accidental injury to his back on April 11, 1960. He was voluntarily paid compensation at the rate of $23.08 per week during the period he was temporarily totally disabled, until July 15, 1960. He was paid no further compensation or wages in lieu of compensation after this date. He was released from medical treatment by the attending physician August 9, 1960. He did not return to work for the respondent employer but went to work for another company. On September 25, 1961, he sought medical treatment from Dr. M and was treated by Dr. M through September 29, 1961, being released by Dr. M on October 2, 1961. On October 11, 1961, he filed an Employee's First Notice of Injury and Claim for Compensation with the State Industrial Court. The respondents by their answer raised the defense of the Statute of Limitations alleging that the claimant failed to file his claim within one year following the date of his last medical treatment or within the time prescribed by law, and is therefore barred of recovery.

After a regular hearing, the trial judge found that claimant sustained an accidental injury, arising out of and in the course of his hazardous employment with the respondent within the terms and meaning of the Workmen's Compensation Law, on April 11, 1960, consisting of an injury to his back; that he failed to file his claim for compensation within one year from the date of the last medical treatment, August 9, 1960, but that the claim was revived and the defense of the claimant's failure to timely file his claim was waived when the attorney for the respondent and insurance carrier authorized, on or about October 19, 1961, claimant's treatment by Dr. M; and that the conduct of respondent and insurance carrier amounted to a conscious recognition of liability to the claimant, and his claim for compensation should be revived. Based upon this finding the trial judge awarded claimant 10 per cent permanent partial disability to the body as a whole. The award was vacated on appeal to the Industrial Court en banc, which held that the claim was barred by reason of the statute of limitations.

Petitioner seeks vacation of the order of the Industrial Court en banc and reinstatement of the order of the trial judge upon the theory that respondents are barred from relying on the statute of limitations under the doctrine of promissory estoppel or in the alternative that the acts of the respondents constituted a waiver of the statute of limitations.

The contentions thus advanced cause us to briefly review the law relative to the limitations placed upon the filing of a claim for compensation before the State Industrial Court.

The provisions of 85 O.S.1961 § 43, forever bar the right to institute a claim under the Workmen's Compensation Act if not filed with the State Industrial Court within one year from the date of the injury,

or within one year from the last payment of compensation, or remuneration paid in lieu of compensation. By judicial construction this Court has said that this section is a limitation upon the remedy, not upon the right, and the requirement may be waived; that there is no legal distinction between voluntary payment of compensation and the furnishing of medical treatment, both being indicative of the same thing: the recognition of liability; and during the time the employer voluntarily furnishes the employee medical attention the statute of limitation is tolled. See Oklahoma Furniture Mfg. Co. v. Nolen, 164 Okl. 213, 23 P.2d 381, and cases therein cited.

In those cases since Oklahoma Furniture Mfg. Co. v. Nolen, supra, wherein this Court has held there was a waiver or tolling of the one-year limitation statute due to a furnishing of medical treatment to employee by employer or insurance carrier, it is quite clear there was proof of actual medical care voluntarily furnished by the employer or insurance carrier to the employee within one year from the date of the injury, with continuation thereof, uninterrupted by an interval of more than one year prior to filing of the claim. See Hobart Sales and Service v. Harmon, Okl., 369 P.2d 628; Carey Furniture & Appliance Company v. Carey, Okl., 368 P.2d 493; Fullhart Maytag Company v. Stapleton, Okl., 356 P.2d 350; Drinkwater v. Orkin Exterminating Company, Okl., 349 P.2d 1068; Bowling v. Blackwell Zinc Company, Okl., 347 P.2d 1027; Lee Way Motor Freight v. Pritchard, Okl., 301 P.2d 196; Wilcox Oil Co. v. Fuqua, 203 Okl. 391, 224 P.2d 255.

■ On the other hand, the law is as equally well settled in this jurisdiction that furnishing of medical care after the limitation period has expired does not revive the right to prosecute such a claim or constitute a tolling or waiver of the requirement relative to the filing of the claim. Bacon v. State Industrial Court, Okl., 352 P.2d 924; National Zinc Company v. Groszek, Okl., 350 P.2d 961; Anchor Plumbing Company v. Linam, Okl., 325 P.2d 962. In Bacon v. State Industrial Court, supra, the rule was thus stated in the syllabus:

"Where one year has elapsed since an injured employee was furnished medical treatment and paid nothing in lieu of compensation, the right to claim compensation under the Workmen's Compensation Law is forever barred under 85 O.S.1951 § 43, unless tolled or waived, *and furnishing medical treatment after the limitation period has expired does not revive the right to prosecute such a claim or constitute a tolling or waiver of the filing of the claim.*" (Emphasis added.)

■ Without question the claim in the instant case is barred unless during the period August 9, 1960 to September 25, 1961, the employer or insurance carrier by word or act did something which would toll or waive the statute. The record does not so indicate. Petitioner's own testimony is to the effect that after being released by the doctor on August 9, 1960, he went to work for another company. Though he continued to have trouble with his back he contacted no one until after September 25, 1961, the day he went to Dr. M for examination and treatment. It was after his release from Dr. M that he called Mr. C, one of the attorneys representing employer's insurance carrier, who he says promised to take care of his medical expenses incurred from Dr. M. Upon this conversation he bases his theory of promissory estoppel. We do not agree. The strongest inference that can be drawn from the attorney's statements was they would be responsible for the medical treatment furnished petitioner by Dr. M. It could not be considered as a promise made to petitioner causing him to give up an existing legal right or remedy. By his own delay he had become barred of recovery for his failure to file a claim within one year from August 9, 1960. Bacon v. State Industrial Court, supra.

■ Petitioner strongly urges that the acts of the respondents in furnishing him medical treatment from the date of the accidental injury to August 9, 1960, coupled

with the promise in October, 1961, to pay for his medical treatment incurred from Dr. M amounted to a conscious acknowledgment of liability in October, 1961, thereby waiving the one-year statute of limitations. He cites in support thereof, Consolidated Gas Utilities Co. v. Thomason, 167 Okl. 81, 26 P.2d 923; and Robinson v. State Industrial Commission, 176 Okl. 619, 56 P.2d 826, neither of which are in point. In the Consolidated Gas Co. case, supra, the employer and insurance carrier acknowledged liability to the claimant by informing him that if he would not file a claim he would be taken care of. In the Robinson case, supra, the employer filed a Form 2, (employer's notice of accidental injury), within 30 days from the date of the accidental injury and the employer made payment of compensation or wages in lieu thereof. We have heretofore held the filing of a Form 2, which states employee sustained an accidental injury arising in the course of employment and that employer is furnishing medical attention to him, was sufficient to toll the statute of limitations where filed within one year after the injury. Oklahoma Natural Gas Corporation v. Craig, 193 Okl. 56, 139 P.2d 181, 141 P.2d 99. No case has been cited and we are cognizant of none holding that a claim is revived and the requirements of Sec. 43, supra, are waived where the employer or insurance carrier authorizes medical treatment after lapse of more than one year from the date of the injury, payment of compensation or wages in lieu of compensation, or furnishing medical treatment.

■ Neither are we impressed with petitioner's argument that the statute would not commence to run until claimant's disability became apparent. His testimony that after release from the initial treating doctor on August 9, 1960, until the present he had had continued trouble with his back contradicts such a contention. In Determan v. Wilson and Company, Okl., 304 P.2d 1060, it is stated:

"An injured workman who sustains a compensable injury of which he has or

should have knowledge, may not await the running of the statute of limitations and then be entitled to compensation. Tulsa Hotel v. Sparks, 200 Okl. 636, 198 P.2d 652."

■ Petitioner's final argument is predicated upon the contention that there existed a mandatory duty on the part of the State Industrial Court en banc to make specific findings of fact relating to petitioner's claim being barred by the statute of limitations before proceeding to deny the claim for that reason. In support thereof he cites and relies on Dixon v. Sinclair-Prairie Oil Co., 201 Okl. 163, 203 P.2d 419, wherein this Court in vacating the order of the Industrial Court, (then commission), denying claimant's claim for the reason it was barred by the one year statute of limitations, held:

"It is the duty of the State Industrial Commission to make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying an award of compensation to a claimant."

While the order in the Dixon case was vacated for the reasons heretofore stated, it must be observed that the facts therein are in no wise parallel with or comparable to the facts in the case being now considered. In the Dixon case there were three different dates in issue upon any one of which the trial tribunal could have made findings. One of said dates would have placed the filing of the claim within the one-year limit prescribed by the Act. Based upon this state of the record we said there was "only the bare conclusion reflected in the order entered that there was no evidence sufficient to toll the statute of limitations." This was insufficient, because the findings of fact and conclusions of law of the State Industrial Commission were too indefinite and uncertain for judicial interpretation. In the instant case the question involves only one period of time, August 9, 1960, to September 25, 1961, during which period we find no conduct on the part of employer or insurance carrier which would constitute a toll-

ing or waiver of the filing of a claim by the petitioner.

■ We therefore conclude that what we said in the recent case of Swafford v. Schoeb Ranch Mills, Okl., 359 P.2d 584, is applicable here:

"* * * In order to toll or waive the limitation statute there must be proof of actual medical care voluntarily provided by employer for the workman over a period commencing less than a year after his injury and extending, in continuity uninterrupted by an interval of more than one year between visits to, and treatment by, an authorized physician, to some point of time within one year next preceding the filing of a claim for compensation. * * *"

The order of the State Industrial Court is sustained.