Woodrow SHANN, Petitioner,

v.

LONE STAR STEEL COMPANY, Old Republic Insurance Company and State Industrial Court, Respondents.

No. 41044.

Supreme Court of Oklahoma.

May 18, 1965.

As Corrected July 6, 1965.

Rehearing Denied July 6, 1965.

Brown, Brown & Brown, McAlester, for petitioner.

John R. Couch and Lawrence E. Hoecker, Oklahoma City, Pierce, Mock, Duncan, Couch & Hendrickson, Charles R. Nesbitt, Atty. Gen., Oklahoma City, of counsel, for respondents.

BERRY, Justice.

On September 23, 1963, Woodrow Shann, Claimant, filed a claim before the State Industrial Court against the respondents herein, Lone Star Steel Company, employer, and its insurance carrier, Old Republic Insurance Company, alleging that on August 10,

1961, he sustained an accidental injury arising out of and in the course of his employment.

At a hearing before a trial judge on December 10, 1963, respondents above named stipulated that claimant was employed on August 10, 1961, by employer and that he received an accidental injury on that date, but denied the claim on the grounds it was barred by the Statute of Limitations in that it was not filed within one year following the date of the accident or the furnishing of medical treatment by them. The sole relief asked for by claimant was compensation for permanent partial disability.

The only lay testimony presented was by the claimant. He testified that on August 10, 1961, while working as a miner for employer a rock fell and hit him in the back of the head, between the shoulders and on the right arm. On the following day he went to Dr. L. at Hartshorne who was one of the employer's doctors; that Dr. L. did not treat him but sent him to Dr. H. in McAlester who was also the employer's doctor; that Dr. H. examined and X-rayed him and gave him some "pain pills" but did not recommend any further treatment; that claimant returned to work for employer on August 12, 1961, and continued to work there until July 27, 1963; that employer let him do light labor by permitting him to operate a loading machine; that his hand and arm bothered him during all this time, and on "occasion" he "talked" to Dr. L. every two or three months during 1961 about his condition and that Dr. L. would tell him to use heat treatment on himself. Claimant further testified that in June of 1963, claimant talked to Dr. L. who again referred him to Dr. H.; that he told the safety man, Curry, who handled the claims for employer, "I am going back to Dr. H." and Curry "told me to go ahead"; that Dr. H. then referred him to Dr. R. in Oklahoma City; that the following day he told Curry that he had to go to a specialist in Oklahoma City and Curry said, "Go on up there and get fixed up and get back on the job. We need you." Claimant testified that Dr. R. advised him to have an operation on his arm, but that

Dr. H. told him respondents would not pay for the operation. Claimant testified further he had never been paid any compensation other than his regular salary and was kept on the job until July 27, 1963.

On cross-examination, claimant testified he never saw Dr. H. again after August 11, 1961, until in June, 1963; that although he was having trouble with his fingers from the 11th day of August, 1961, until June, 1963, he did not file a claim for compensation because he thought "they'd take care of it, the company would"; that he, himself, paid Dr. L. twice for heat treatments "that he gave me there".

Dr. D. examined claimant on September 19, 1963, and testified by written report. He stated that the examination revealed marked atrophy of the right hand and right arm; that in his opinion claimant sustained 65 per cent permanent partial disability to the right arm as a result of the injury of August 10, 1961.

Dr. G. by written statement, dated September 24, 1963, for claimant, stated as a result of the injury claimant "has paralysis of the right ulnar nerve, indicated by the contractures of the right 4th and 5th fingers."

Dr. R. examined claimant on July 18, 1963, and testified for claimant by written report. He stated he recommended that claimant be hospitalized for an operation on his arm, and while not disabled from ordinary manual labor, claimant did have disability because of weakness of the right hand.

Respondents introduced into evidence a form narrative report by Dr. H. dated August 15, 1961, wherein he stated he examined claimant, X-rayed him and found claimant to have suffered contusions of scalp and neck; that the X-rays were negative for fracture; that he administered claimant his first treatment which was "prescriptions given"; that he anticipated no permanent disability, and that claimant lost two days' work because of the injury.

Respondents also introduced into evidence a written report from Dr. L. dated

October 21, 1963, wherein he stated that at the time of the accident he referred claimant to McAlester Clinic for evaluation and treatment, and further stated:

"I have treated Mr. Shan for various conditions since that accident. During this time I have always advised him that I thought you would take care of any complications resulting from this accident."

The trial judge entered an order finding that claimant did sustain a compensable injury on August 10, 1961, consisting of an injury to his right arm; that the Statute of Limitations had been tolled by respondent furnishing medical treatment within one year prior to filing of his claim, and awarded claimant 35 per cent permanent partial disability to his right arm. The order was vacated on appeal to the court en banc and the claimant's claim denied on the ground it was "barred by the Statute of Limitations."

Claimant brings this original proceeding for review of the order denying his claim, and for reversal advances the following three propositions:

### 1.

The vacation of petitioner's award is not sustained by competent evidence and is contrary to the evidence and the law.

### 2.

The reason for the giving of notice of injury within thirty days, and the filing of a claim within one year is to give the Respondent and Insurance Carrier a chance to know Claimant's true condition, to be able to furnish adequate treatment, and to avoid being prejudiced in anywise concerning the claim.

### 3.

The one-year limitation on the filing of a claim is a true Statute of Limitations and may be waived or extended by the Respondent's and Insurance Carrier's conduct or the payment of compensation or furnishing of medical attention.

85 O.S.1961, § 43, provides in part, as follows:

"The right to claim compensation under this Act shall be forever barred unless within one (1) year after the injury or death, a claim for compensation thereunder shall be filed with the Commission. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

Where employer has neither paid compensation nor wages in lieu of compensation, nor furnished medical care or attention for alleged injury within one year next preceding filing of claim therefor, any claim thereafter filed with the Industrial Court is barred, by statute, absent any action by employer or one in his behalf to toll or waive statute. Dearman v. Birmingham Steel & Supply, Inc., Okl., 368 P.2d 849; Jackson v. Carson, Okl., 347 P.2d 1031; Barros v. H. V. Middleton, Inc., Okl., 297 P.2d 920; Evans v. Tulsa City Lines, Okl., 290 P.2d 126; Skaggs v. Noble Drilling Co., Okl., 283 P.2d 794.

The evidence is that on August 11, 1961, one day after the accident, claimant went to Dr. L. who did not treat him but who referred him to Dr. H. and that all Dr. H. did for him was to give him some "pain pills"; that he "talked" to Dr. L. every two or three months during 1961 and that he, himself, paid Dr. L. twice for heat treatments which was the only treatment Dr. L. ever gave him and he never saw Dr. H. again from August 11, 1961, until June, 1963.

We feel there is no evidence that respondents furnished medical care or attention for claimant within a period of one year from the date of the only treatment authorized by respondents, to-wit: August 11, 1961, the day following the accident.

Although there is some testimony from Dr. L. who was both company doctor and claimant's personal physician, that he "treated Mr. Shan for various conditions since the accident" and "during this time I always advised him that I thought you would take care of any complications resulting from this accident", there is no evidence

that respondents knew of claimant's "talking" to Dr. L. or of the two heat treatments administered to claimant by Dr. L. and paid for by claimant. There is no evidence that Dr. L. ever sent any bill to the employer or that the employer paid any of Dr. L.'s bills, or when claimant was treated for the various conditions.

■ The burden is on the claimant to prove that respondents furnished him medical treatment within one year next preceding the filing of his claim in order to toll the Statute of Limitations. We determine that the Industrial Court did not err in finding that his claim was barred by operation of 85 O.S.1961, § 43, which, by calculation, appears to have run on August 11, 1962.

Claimant contends in his brief the employer sent him to Dr. H. in June, 1963, for "further attention and treatment to his arm", yet claimant testified that Dr. L. at that time referred him to Dr. H.; that Dr. H. examined him and sent him to Dr. R. who examined him and recommended surgery. Claimant also argues that when Curry said, with reference to his going to Dr. R., "Go to him. Get fixed up, and come back to the job as quick as you can, we need you" it amounted to a tolling or waiving of the Statute.

Assuming, arguendo, that the employer did send claimant after June, 1963, to various doctors for either treatment or examination, in this event whether for treatment or for examination becomes immaterial if the limitation had already run.

■ In Bacon et al. v. State Industrial Court et al., Okl., 352 P.2d 924, we Held:

"Where one year has elapsed since an injured employee was furnished medical treatment and paid nothing in lieu of compensation, the right to claim compensation under the Workmen's Compensation Law is forever barred under 85 O.S.1951, § 43, unless tolled or waived, and furnishing medical treatment after the limitation period had expired does not revive the right to prosecute such a claim or constitute a tolling or waiver of the filing of the claim."

See also National Zinc Company et al. v. Groszek et al., Okl., 350 P.2d 961.

■ Therefore, since claimant was not furnished medical treatment by respondents from August 11, 1961, to August 11, 1962, and his claim was barred by the Statute of Limitations on August 11, 1962, even if respondents had sent claimant to Dr. H. and Dr. R. for treatment, such action on the part of respondents would not have revived the right to prosecute the claim or to toll or waive the Statute of Limitations.

■■ Where the issue of whether the Statute of Limitations in compensation cases has been tolled or waived depends upon a question of fact, and the trial tribunal has heard evidence thereon, its finding on said issue will not be disturbed on review when based on testimony reasonably tending to establish the factual determination made. United Brick and Tile Co. v. Roy, Okl., 356 P.2d 107; Cupit v. Dancu Chemical Co., Okl., 316 P.2d 593; Determan v. Wilson & Co., Okl., 304 P.2d 1060. Also the finding of the State Industrial Court that a claim for compensation filed by an employee is barred by limitation, and an order based thereon denying compensation will not be disturbed on review where reasonably supported by the evidence. Dearman v. Birmingham Steel & Supply, Inc., supra.

■ We have reviewed the record and hold that the finding of the Industrial Court denying claim for compensation filed by claimant is barred by limitation and the order based thereon is reasonably supported by the evidence.

Order denying compensation is sustained.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, WILLIAMS, and IRWIN, JJ., concur.

BLACKBIRD and HODGES, JJ., dissent.