Raymond Lee SMEDLEY, Petitioner,

v.

STATE INDUSTRIAL COURT et al., Respondents.

No. 49474.

Supreme Court of Oklahoma.

March 29, 1977.

Rehearing Denied April 26, 1977.

---

7. *McVey v. Chester*, 288 P.2d 740 (Okl. 1955).

Densil E. Sides, Oklahoma City, for petitioner.

King & Roberts, Oklahoma City, for respondents.

LAVENDER, Vice Chief Justice:

Raymond Lee Smedley, petitioner and claimant below (claimant), filed his claim for compensation July 16, 1975. Date of accident was July 8, 1973. Respondents, Eason Oil Company, respondent below, and U. S. Fidelity and Guaranty Company, Eason's insurance carrier (respondents), by answer plead the affirmative defense of statute of limitations. After hearing, the trial judge entered order granting an award. There was a finding of the tolling of the limitation period. On appeal to Industrial Court en banc, the trial court's order was vacated. The en banc order determined the claim was barred. There was a finding the claimant did not file within one year from date of injury, nor did he receive temporary total disability, wages in lieu of compensa-

tion or medical treatment for that injury within one year before the filing of his compensation claim. Claimant seeks review of that en banc order.

Claimant was employed by respondent, Eason Oil Company, as a roughneck. July 8, 1973, he sustained an on the job accident. The accidental injury was to the back. No claim for compensation was filed at that time. He was furnished medical treatment and paid thirteen weeks of temporary total compensation. He returned to work about September 18, 1973. More than one year passed. Claimant continued to complain of his physical problems resulting from the job accident. In January, 1975, his employer authorized him to be examined by Dr. F. Dr. F. ordered the claimant hospitalized and on January 24, 1975, performed surgery on the claimant's back. Claimant was paid temporary compensation by respondents during the subsequent healing period from January 7 to April 1, 1975. The medical bills were also paid by respondents. Claimant did not see a doctor or receive any medical treatment from September 18, 1973, until January 7, 1975.

 Here, the principal issue is the application of 85 O.S.1971, § 43 as a bar to the claim for compensation. As a conclusion of law, that issue is reviewable by this court. As a true statute of limitations, § 43 acts upon the remedy and not the right. *Munsingwear, Inc. v. Tullis*, Okl., 557 P.2d 899 (1976). That limitation period can be tolled or waived. *Logan County v. York*, Okl., 270 P.2d 968 (1954). To toll the statute of limitations means to show facts which *removed its bar* of the action. Black's Law Dictionary, Revised Fourth Ed., p. 1658, "toll." In modern law, "waive" means to abandon, throw away, renounce, repudiate, or surrender a privilege or right. Black's Law Dictionary, Revised Fourth Ed., p. 1751, "waive." The affirmative defense of limitations under § 43 can be removed as to its bar of the claim for compensation, or abandoned, thrown away, repudiated, or surrendered. That tolling or waiving acts upon the bar itself, which acts upon a reme-

dy. Tolling or waiving does not act upon the right to compensation, itself.

In *Atlas Coal Co. v. Corrigan*, 148 Okl. 36, 296 P. 963 (1931) this court said by syllabus:

"The furnishing by an employer to an employee of medical attention and hospitalization, and the payment to him during the continuance of a disability of sums equivalent to the amount of compensation to which he would be entitled under the provisions of the Workmen's Compensation Act, are, in the absence of evidence clearly showing a contrary intent, a waiver of the requirements of section 7301, C.O.S.1921, that a claim for compensation shall be filed with the State Industrial Commission within one year, and the filing of such a claim after the expiration of one year and within one year after notice that payments will no longer be made for said injury is within time."

There, both payment of compensation and furnishing of medical treatment form the basis for the waiver.

With the decision of *Oklahoma Furniture Mfg. Co. v. Nolen*, 164 Okl. 213, 23 P.2d 381 (1933), the furnishing of medical treatment was found sufficient to toll the limitation statute. That holding was based on determining the furnishing of medical treatment recognizes liability the same as payment of compensation. The furnishing of medical treatment was found equivalent of the payment of compensation so as to allow tolling by sole act of furnishing medical treatment. *Oklahoma Furniture Mfg. Co., supra*, quotes the court syllabus of *Atlas Coal Co., supra*. It then expands the rationale of *Atlas* by stating in part:

"The holding (in the *Atlas* case) that payment of compensation amounts to a waiver of the one-year statute is bottomed on the fact that such an act recognizes liability and is inconsistent with a denial of liability." (Explanation added.)

Just prior to the *Oklahoma Furniture Mfg. Co.* decision, the then limitation section was amended to add the first provision now appearing in the first paragraph of § 43. That addition reads:

"Provided, however, claims may be filed at any time within (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation." Laws, 1933, c. 29.

That provision codifies the tolling through payment of compensation. It was not considered in *Oklahoma Furniture Mfg. Co., supra,* for that claim for compensation had accrued prior to its enactment. That amendment does not affect the rationale of waiver through recognition of liability which bottoms the *Atlas* and *Oklahoma Furniture* decisions.

We move to *Indian Drilling Mud Company v. McGrew,* Okl., 311 P.2d 247 (1957). There acts of persuasion by respondent for the claimant to seek additional medical treatment was "a conscious recognition of liability" on respondent's part. That conduct waived the limitations after the limitation period had run. We acknowledge those acts did not include payment of compensation in lieu of wages or furnishing of medical treatment. *Indian Drilling Mud Company, supra,* is quoted in *California Company v. State Industrial Court,* Okl., 350 P.2d 957 (1960). The *California Company* opinion speaks of sending the claimant and paying for a medical examination as "but a continuation of the conscious recognition of the liability for the disability resulting from the accidental injury * * *." There the limitation period had been completed before the medical examination occurred. The claim was filed within the limitation period following the examination. The claim was held not to be barred. See also *Logan v. York, supra,* where wages were paid in lieu of compensation but did not commence until more than one year after date of the accident and a waiver of the defense of limitation was held to have occurred.

In this jurisdiction, a line of cases holds that once the limitation period expires under § 43 then the right to prosecute the claim cannot be revived and furnishing medical treatment thereafter does not constitute tolling or a waiver. *National Zinc Company v. Groszek,* Okl., 350 P.2d 961 (1959); *Bacon v. State Industrial Court,*

Okl., 352 P.2d 924 (1960); *Shank v. Oklahoma Office & Bank Supply Co.,* Okl., 387 P.2d 626 (1963); *Shann v. Lone Star Steel,* Okl., 405 P.2d 120 (1965). We disagree with these holdings and expressly overrule each of them, with any other cases of like import, as to this issue.

*National Zinc Company, supra,* distinguishes *Indian Drilling Mud Company, supra,* on facts. The rationale found in the *Indian Drilling Mud Company* opinion of "conscious recognition of liability" is not mentioned. Authority for the *National Zinc Company* holding is *Skaggs v. Noble Drilling Co.,* Okl., 283 P.2d 794 (1955). *Skaggs, supra,* correctly holds the claim was barred for not filing within one year preceding paying compensation, wages in lieu of compensation, or furnishing medical care. That opinion is essentially distinguishable from *National Zinc Company* for, after the running of the limitation period, there was no payment of compensation, or wages in lieu thereof, or furnishing of medical attention.

*Bacon, supra,* would also distinguish *Indian Drilling Mud Company, supra,* on facts and ignores any discussion of its rationale. The *Bacon* opinion quotes from *Dye v. Ed Johnston Grain Co.,* Okl., 319 P.2d 1004, 1006 (1957). In *Dye, supra,* the Industrial Court ordered claimant examined by a doctor of the court's choosing. Respondents agreed to pay for that examination. The *Dye* refusal to apply the limitations bar was based on not handicapping the parties in the proceedings before the Industrial Court.

Both *Shank, supra,* and *Shann, supra,* principally rely on and quote from *Bacon.* Each opinion speaks of not being able to revive the right to prosecute the compensation claim after the running of the limitation period.

Under the clear expression in *Munsingwear, supra,* of § 43 operating only on the remedy, coupled with the understanding that tolling or waiving of § 43 is an abandonment of the bar on the remedy with no operation on the right to compensation itself, then the position barring the claim based on the inability to revive that claim

must fall. With the negation of the revival theory, we find no legal basis or rationale that allows renewal of the limitation period by payment of compensation or furnishing of medical treatment where these acts are begun prior to the completion of the limitation period, and does not permit the beginning of a new limitation period where these same acts occur after the completion of the limitation period.

We hold after the limitation period of one year has run, and in the absence of evidence clearly showing a contrary intent, the furnishing of medical treatment is a conscious recognition of liability for the disability to the employee resulting from a compensable accidental injury under the Workmen's Compensation law, and tolls or waives the limitation period of one year, with the limitation period beginning to run from last date of such a furnishing under § 43. With this holding, it is not intended, by implication or otherwise, to allow tolling or waiving of the limitation period by a medical examination procured by employer, or by employer's insurance carrier, to obtain evidence for use at the Industrial Court trial. *Swafford v. Schoeb*, Okl., 359 P.2d 584 (1961); *Dye v. Ed Johnston Grain Co., supra.*

In the present case, the respondents stipulated payment of compensation for twelve weeks commencing January 7, 1975. Dr. F.'s medical reports show examination and subsequent treatment beginning January 7, 1975. Brief of respondents in its statement of facts reflects that reference to Dr. F. was by respondents and all medical bills so incurred from January 7, 1975, until April 1, 1975, were paid by respondents. Those acts tolled or waived the limitation period of one year under § 43 in which to file a claim for compensation. The limitation period, having run, began again from the last date of these acts. The claim was filed July 16, 1975. That was well within the year allowed. The claim was not barred under § 43.

Under the views here expressed and the facts as to the furnishing of medical treatment and payment of compensation both in 1975, the findings of the en banc order must be vacated. The factual determinations as to the running of the statute of limitations are not supported by any competent evidence, as heretofore indicated.

Claimant makes two additional arguments in seeking this review. This opinion requires vacation of the en banc order, without their being considered. However, we note § 43 speaks of last payment of compensation or remuneration *paid in lieu of compensation*. Wages paid for work or labor done is not included. Claimant acknowledges this jurisdiction's case law rejects tolling under § 43 by reason of employer's failure to file a report of the injury. We have refused to reverse that position in current decision of *Oklahoma Cotton Coop. Ass'n Compress v. Thomas*, Okl., 560 P.2d 562 (1977).

Order vacated and cause remanded.

WILLIAMS, IRWIN, BARNES and DOOLIN, JJ., concur.

BERRY, J., dissents.